525 A.2d 424

**Debra L. SMALL, Appellant,**

v.

**COLUMBIA GAS OF PENNSYLVANIA, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1986.

Filed May 4, 1987.

62

Daniel Fennick, York, for appellant.

Allen E. Roth, Columbus, for appellee.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

WIEAND, Judge:

In this action for an alleged wrongful discharge of a handicapped person, the trial court determined that the discharge had not been in violation of the Human Relations Act and entered judgment in favor of the employer. The employee appealed. We affirm.

In June, 1981, Debra Small was employed by Columbia Gas of Pennsylvania, Inc. as a meter reader in and around Gettysburg. The employment was at will. Approximately five months later, during the early morning hours of November 13, 1981, Small was arrested in the State of Maryland for driving while under the influence of alcohol. Later, on the same day, she spoke with Margaret Burcham, a counselor at the Adams County Drug and Alcohol Center in Maryland, who persuaded Small to enter a residential detoxification facility known as Talbot Place for treatment of that which was perceived to be an alcohol problem. Burcham called Jack Klein, Small's immediate supervisor at Columbia Gas, informed him that Small had a drinking problem, and asked (1) whether Columbia's insurance program would cover the cost of residential placement and (2) whether Small would be permitted to take a thirty day leave of absence to attend the detoxification program at Talbot Place. At the time, Columbia Gas had an internal employee alcohol rehabilitation program in place. Klein agreed to get back to Burcham with answers to her questions, and he

then consulted with other Columbia officials. They decided to reserve any decision until Monday, November 16, 1981. When Klein relayed this information to Burcham, he was told that Small had decided to undergo treatment regardless of whether her job would be available when the course of treatment was complete. On November 16, Klein was notified that Small had been admitted to Talbot Place and that she would be there for approximately thirty days. On the same day, Klein recommended to the district manager that Small be discharged from Columbia's employ.

Upon completion of the alcohol program in December, 1981, Small met with Klein regarding continued employment with Columbia. Following this meeting, Small was terminated. Although Columbia had a company policy of progressive corrective discipline, the lesser degrees of discipline were bypassed in Small's case in favor of the most severe form of discipline, which was discharge.

After pursuing administrative remedies unsuccessfully, Small began a civil action charging Columbia with an unlawful discriminatory practice under the Pennsylvania Human Relations Act,[1] i.e., discharging her even though alcoholism had rendered her a handicapped person. On July 8, 1985, following a non-jury trial, the court entered a verdict in favor of Columbia. Small filed post-trial motions on July 18, 1985, challenging the trial court's findings of fact and alleging that the trial court had failed to give adequate consideration to evidence that she had been treated differently than employees not perceived as having alcohol related problems. On November 14, 1985, before disposition of the post-trial motions, Small filed a motion to amend her complaint to state a new cause of action, to wit, that in discharging her, Columbia Gas had violated the employment policies set out in its Manual of Corrective Discipline and in its Employee Alcoholism Policy. On April 4, 1986, the trial court entered two orders, one denying Small's motion for post-trial relief and the other denying the motion to amend

1. Act of October 27, 1955, P.L. No. 744, § 1, 43 P.S. § 951 et seq., as amended.

the complaint. In consolidated appeals from both orders, Small presents two issues for our consideration: (1) whether the trial court's finding that Columbia Gas had not terminated Small because of a perceived handicap of alcoholism was error; and (2) whether the trial court abused its discretion by refusing to allow Small to amend her complaint to include a new theory of liability. We find neither error nor abuse of discretion, and, therefore, affirm the decision of the trial court.

Section 5(a) of the Pennsylvania Human Relations Act [2] makes it unlawful for an employer to discharge an employee because of a "non-job related handicap or disability." A "non-job related handicap or disability" is defined as "any handicap or disability which does not substantially interfere with the ability to perform the essential functions of the employment which a handicapped person . . . is engaged in." Act of December 19, 1974, P.L. 966, No. 318, § 3, 43 P.S. § 954(p). A handicapped or disabled person is defined by the regulations promulgated by the Pennsylvania Human Relations Commission as "a person who has a physical or mental impairment which substantially limits one or more major life activities; has a record of such an impairment; or is regarded as having such an impairment." 16 Pa. Code § 44.1(i).[3]

2. Act of October 27, 1955, P.L. No. 744, § 5(a), as amended, 43 P.S. § 955(a).

3. Section 44.1(ii) defines the operative terms used to classify one as a handicapped or disabled person as follows:
   (A) 'physical or mental impairment' means a physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; skin and endocrine or a mental or psychological disorder, such as mental illness, and specific learning disabilities.
   (B) 'major life activities' means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.
   (C) 'has a record of such an impairment' means has a history of or has been misclassified as having a mental or physical impairment that substantially limits one or more major life activities.

Under the Act, the burden of establishing a prima facie case of discrimination is allocated to the plaintiff. *General Electric Corp. v. Pennsylvania Human Relations Commission,* 469 Pa. 292, 304, 365 A.2d 649, 655–656 (1976), adopting the holding of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Amtrak v. Pennsylvania Human Relations Commission,* 70 Pa.Cmwlth. 62, 65, 452 A.2d 301, 303 (1982). Once the plaintiff has established a prima facie case, the burden shifts to the employer to establish that a legitimate, non-discriminatory reason for denial of employment existed. *Winn v. Trans World Airlines, Inc.,* 506 Pa. 138, 157, 484 A.2d 392, 402 (1984); *Jenks v. Avco Corp.,* 340 Pa.Super. 542, 547, 490 A.2d 912, 915 (1985). Thus, Small had the burden of proving that (1) her employer regarded her as having the handicap of alcoholism; (2) this handicap was non-job related; and (3) she was discharged because of that handicap.

The trial court found that appellant had not been discharged because she was considered to be an alcoholic. Appellant contends that this finding was erroneous. She argues that the following evidence proved her contention: the company's alcohol rehabilitation program was not explained to her, nor was she given an opportunity to participate in it; the company failed to follow its policy of progressive corrective discipline and instead, fired her immediately; and, she received disparate treatment amounting to discrimination as she and another employee were the only two employees terminated without recourse to the corrective disciplinary system during a five year period. Finally, Small contends that there was no legitimate, non-

(D) 'is regarded as having an impairment' means has a physical or mental impairment that does not substantially limit major life activites [sic] but that is treated by an employer or owner, operator, or provider of a public accommodation as constituting such a limitation; has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or has none of the impairments defined in subparagraph (i)(A) of this paragraph but is treated by an employer or owner, operator or provider of a public accommodation as having such an impairment.

discriminatory reason for her termination and that her discharge showed a clear intention on the part of Columbia Gas to discriminate against alcoholics.

We begin our analysis by noting that "findings of fact by a trial judge are accorded the same weight as a jury verdict and our scope of review is limited to examining whether the findings are supported by competent evidence." *Jenks v. Avco Corp., supra,* citing *Brenna v. Nationwide Insurance Co.,* 294 Pa.Super. 564, 440 A.2d 609 (1982).

■ After a careful review of the record in the instant case, we conclude that there was competent evidence to support the trial court's findings. Klein testified that Small had been discharged because he had determined that she was unsuitable for continued employment as a meter reader with Columbia Gas. He further testified that he did not believe Small was an alcoholic because she never demonstrated any of the signs related to alcoholism, i.e., tardiness, absence, poor work performance, inability to get her work done, or alcohol on her breath.[4] Klein explained that the determination to discharge Small was not based on a perception that she was an alcoholic, but rather on the fact that the incident resulting in her arrest had disclosed a lack of dependability and responsibility, both of which were essential qualities for a meter reader who was entrusted with entering customers' homes.[5] Because Small's operation of a motor vehicle while under the influence of alcohol had demonstrated a basic and egregious lack of judgment and responsibility, Klein had determined that she lacked the qualities necessary for a meter reader. Therefore, he had decided to exercise his discretion to bypass the more lenient forms of discipline and to recommend discharge.

4. In fact, Small's own testimony failed to disclose that she was an alcoholic. She testified that she drank only on certain occasions and that upon admission to Talbot Place became aware that her circumstances were nothing like those of the other residents.

5. The record discloses that meter readers were given the keys to some customers' homes and had access to them at times when the customers were not home.

The disciplinary procedures of Columbia Gas were discretionary in nature. Paragraph 5 of the internal disciplinary policy indicated:

> When the facts indicate a need for serious disciplinary action, the immediate supervisor should thoroughly review the situation with the appropriate level(s) of supervision. This type of consultation should result in a well-considered and readily supportable ruling.

Klein testified that he felt serious action was necessitated because of Small's criminal conduct and that he acted accordingly. Klein further testified that he was concerned about (1) the possible loss of Small's driving privileges in Pennsylvania; (2) customer reaction; and, (3) the reactions of other employees if discipline were not adequately enforced.

The trial judge found, based on the evidence presented at trial, that Small was not an alcoholic and that Klein had not regarded her to be an alcoholic when he terminated her. We conclude that the trial court did not err when it found that Small's discharge did not constitute a violation of the Human Relations Act.[6]

Small also contends that the trial court abused its discretion by refusing to allow her to amend her complaint after a verdict had been entered. At this late stage of the proceedings, she sought to amend the complaint to allege that Columbia Gas had breached two implied contracts when it discharged her in violation of its disciplinary and alcoholism policies. She argues that the right to amend her complaint is supported by the liberal application of Pa.R.C.P. 1033, which provides:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new

6. It has not been argued and we do not decide whether alcoholism, in the case of a meter reader, is job related.

cause or action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Small claims that the Rule has no time limitation and that amendments may be made after trial as long as the opposing party does not suffer prejudice as a result of the amendment.

The applicable law was stated in *Ecksel v. Orleans Construction Co.*, 360 Pa.Super. 119, 519 A.2d 1021 (1987), as follows:

> A party may at any time, either with the consent of the opposing party or by leave of court, amend his or her pleading. *See* Pa.R.Civ.P. 1033. Permission to allow an amendment of the pleadings is within the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse of discretion. *See Gallo v. Yamaha Motor Corp. U.S.A.*, 335 Pa. Superior Ct. 311, 313, 484 A.2d 148, 150 (1984). A trial court may allow such an amendment to the pleadings while a motion for judgment on the pleadings is pending, after judgment, or after an award has been made or an appeal has been filed. *See Biglan v. Biglan*, 330 Pa. Superior Ct. 512, 521, 479 A.2d 1021, 1026 (1984). Such an amendment, however, must not be for a new cause of action or surprise or prejudice the opposing party. *See Robinson Protective Alarm Co. v. Bolger & Picker*, 337 Pa. Superior Ct. 503, 514, 487 A.2d 373, 378 (1985); *Cingota v. Milliken*, 286 Pa. Superior Ct. 117, 121, 428 A.2d 600, 602 (1981).

*Id.*, 360 Pa.Superior Ct. at 131, 519 A.2d at 1027. See: *West Penn Power Co. v. Bethlehem Steel Corp.*, 236 Pa.Super. 413, 433–434, 348 A.2d 144, 155–156 (1975); 3 Std.Pa. Prac.2d § 37, at 713–715.

■ In the instant case, the trial court found that to allow Small to amend her complaint to state a new cause of action after trial had been concluded and a verdict entered against her would require additional discovery, an additional hearing, and further briefing and would result in substantial

prejudice to Columbia Gas. Therefore, the trial court denied the petition to amend. We perceive no abuse of discretion.

Judgment affirmed.