586 A.2d 928

Robert M. CARRINGER, Rachel C. Hauth, Benjamin T. McGill and Eleanor C. McGill, His Wife, Robert B. Gibson, Jr., and Mary Ann Gibson, His Wife, Appellees,

v.

Bruce TAYLOR, Appellant.

Bruce TAYLOR, Appellant,

v.

Robert M. CARRINGER, Rachel C. Hauth, Benjamin T. McGill and Eleanor C. McGill, His Wife, Robert B. Gibson, Jr., and Mary Ann Gibson, His Wife, Appellees.

Bruce TAYLOR, Appellee,

v.

Robert M. CARRINGER, Rachel C. Hauth, Benjamin T. McGill and Eleanor C. McGill, His Wife, Robert B. Gibson, Jr., and Mary Ann Gibson, His Wife, Appellants.

Superior Court of Pennsylvania.

Argued May 2, 1990.

Filed Dec. 18, 1990.

Reargument Denied March 4, 1991.

198

Joseph E. Altomare, Titusville, for appellant in Nos. 1467 and 1628 and appellee in No. 1629.

Patrick M. Livingston, Pittsburgh, for appellants in No. 1629 and appellees in Nos. 1467 and 1628.

Before CIRILLO, President Judge, and POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

This consolidated appeal arises from a dispute over the improvement of a one-lane dirt road which lies along the bank of the Allegheny River near Tionesta in Forest County, Pennsylvania. We affirm in part and reverse in part.

On appeal, Bruce Taylor (hereafter "Taylor") alleges the lower court erred in granting summary judgment in favor of Robert Carringer *et al.*, (hereafter "Carringer"), because Carringer failed to state a cause of action, material issues of fact remain unresolved and entry of summary judgment violated the *Nanty-Glo* Rule.[1] Taylor also contends the dismissal of his separate action at law for quiet title based on easement theories was improper. Finally, Taylor asserts that the lower court abused its discretion by refusing to permit amendment of his counterclaim to include easement theories. In addition to the issues raised by Taylor, Carringer questions whether the lower court erred by modifying its order dismissing the quiet title action to read dismissed "without prejudice".

The record reveals that Carringer and Taylor own property situated along the course of the one-lane dirt road. Taylor owns the property at the end of the road, and Carringer's property abuts Taylor's. In the summer of 1987, Taylor purchased the farm and lodge building at the road's end. The road in question is the sole means of access to the parties' properties. For years, the owners of the many small cottages along the road jointly maintained its surface. However, after purchasing the lodge property,

---

1. *Nanty-Glo v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932) is inapposite presently. *Nanty-Glo* provides that summary judgment may not rest upon the oral testimony of a witness, since credibility may be impeached before the finder of fact. Instantly, however, entry of summary judgment did not rest solely upon oral testimony of witness. Rather, it was based on admissions by Taylor as to widening of the private road and Taylor's failure to present any evidence that demonstrated the road in question was ever a public road.

Taylor began to make improvements and widen the road without the consent of the other abutting landowners.

On November 17, 1988, Carringer instituted an action in equity for a preliminary injunction, alleging that Taylor was causing immediate and irreparable loss and damage to Carringer's property by the unilateral widening of the unimproved dirt road. On November 22, 1988, a preliminary injunction was issued which prohibited all further road construction efforts by Taylor.[2] Rather than file preliminary objections, Taylor filed an answer and counterclaim on February 28, 1989. Taylor's counterclaim alleged that the road was a "privatized" public road with a statutory width of twenty-five feet within which he had a right to make repairs.[3] In the alternative, he argued the road remained a public road which, pursuant to 36 Pa.S.A. § 1901, has a statutory width of no less than thirty-three feet.

Carringer moved for summary judgment. In granting partial summary judgment against Taylor, the chancellor found as a matter of law that Taylor's counterclaim must fail because "there is no finding in the records of any court decree ... either opening or ... abandoning the road in question." (Adjudication for decree nisi, p. 8). Since the court found the road had always been a private road, a decree nisi was entered on May 19, 1989, granting Carring-

2. We note that several neighboring landowners intervened as co-plaintiffs.

3. Appellant based this part of his counterclaim on the following statutory provisions, 36 Pa.S.A. § 2781, which reads:

**Retention of vacated road as private road**
Whenever viewers ... shall find and report that there is no necessity for such public road, but shall recommend in their report that the route thereof, or any portion thereof, be and remain a private road, upon approval of their said report ... shall be and become a private road, of the width of twenty-five feet, ... to be maintained and used as private roads are now maintained and used under existing laws.

and 36 Pa.S.A. § 2735, which reads:

**Repair of private roads**
All private roads should be opened, fenced and kept in repair by and at the expense of the person or persons respectively at whose request the same were granted and laid out, and by their heirs and assigns.

er partial summary judgment and compelling defendant to "cease and desist from any further disturbance of the roadway." (decree nisi of May 19, 1989).[4] Both parties filed exceptions to the decree nisi.

On June 5, 1989, with exceptions to the decree nisi pending, Taylor instituted a separate quiet title action at law, asserting a "right of way or easement [by necessity or prescription] along said roadway with all attending reasonable rights of repair and maintenance." (Complaint of June 5, 1989 at p. 2, 13). Thereafter, on July 12, 1989, Taylor moved for leave to amend his counterclaim in equity to incorporate the substance and allegations set forth in the new action at law. Similarly, Taylor petitioned for consolidation of the actions at law and in equity. In response, Carringer filed preliminary objections to the action at law alleging, *inter alia*, that dismissal was proper for failure to comply with the compulsory joinder provisions of Pa.R. Civ.P. 1020(d)(1) & (4).[5] Carringer further alleged that the doctrine of *lis pendens* precluded the granting of Taylor's request. In addition, Carringer filed a motion for allowance for attorney's fees under 42 Pa.C.S.A. § 2503, alleging that Taylor's actions were vexatious and his complaint at law was brought in bad faith.

Argument was held on the exceptions to the decree nisi and the preliminary objections to the quiet title action. Thereafter, Judge Wolfe entered a final decree, denying

4. In his adjudication for the decree nisi, Judge Robert L. Wolfe stated: "We make no findings concerning Defendant's right of use of the roadway as a matter of easement by necessity as that issue is not before us. Likewise, we make no determination of any alleged damages as that issue clearly raises a question of fact...." (Adjudication of decree nisi, p. 9).

5. Pa.R.Civ.P. 1020, in pertinent part, states:
   (d)(1) If a transaction or occurrence gives rise to more than one cause of action against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person.
   *    *    *    *    *    *
   (d)(4) Failure to join a cause of action as required by subdivision (d)(1) of this rule shall be deemed a waiver of that cause of action against all parties to the action.

Taylor's exceptions and granting Carringer's exceptions to the decree nisi by adding language to clarify the scope of the injunction. In addition, Judge Wolfe denied Taylor's motion to amend his counterclaim with easement theories. While recognizing that "easement rights may be afoot," Judge Wolfe, nevertheless, found the motion "untimely," since Taylor failed to raise the issue definitively prior to entry of the decree nisi. (Adjudication of August 22, 1989 at 5).

In an order filed the same day as the final decree, Judge Wolfe dismissed Taylor's quiet title action and denied his petition for consolidation. The order also granted attorney's fees to Carringer. Judge Wolfe reasoned that Pa.R. C.P. 1020(d)(1) & (4) precluded Taylor's requests. In addition, Judge Wolfe believed that Taylor's quiet title action and motion to amend were untimely because he was already entertaining exceptions to the decree nisi prior to filing of those documents. (Opinion of August 22, 1989, p. 3). With respect to attorney's fees, Judge Wolfe held Taylor chargeable with the rules of procedure and described Taylor as taking "gross liberty" with the rules at Carringer's expense.

Taylor then filed an appeal from both the final decree and the order. He also filed a motion for reconsideration of the dismissal order pursuant to Pa.R.A.P. 1701(b)(3). Upon reconsideration, the trial court amended the order to provide that the complaint was "dismissed without prejudice." Both parties then filed timely appeals from the opinion of September 20, 1989, which amended the order of August 22, 1989. The various appeals were consolidated and are now before this court.

We will first address Taylor's assertion that the trial court erred when it entered summary judgment in favor of Carringer. Pennsylvania law is well settled that summary judgment is proper only in cases that are clear and free from doubt. Pa.R.C.P. 1035; *Consumer Party of Pa. v. Comm.*, 510 Pa. 158, 173, 507 A.2d 323, 331 (1986); *Mancia v. Comm., Dept. of Transp.*, 102 Pa.Cmwlth. 279, 282, 517

A.2d 1381, 1383 (1986); *Huffman v. Aetna Life and Cas. Co.*, 337 Pa.Super. 274, 276, 486 A.2d 1330, 1331 (1984). Thus, our function in reviewing an order granting summary judgment is to determine whether any genuine issue of material fact remain, and, if no issues of fact remain, whether the movant is entitled to judgment as a matter of law. *Mancia,* 517 A.2d at 1383; *Huffman,* 486 A.2d at 1331; *Rybas v. Wapner,* 311 Pa.Super. 50, 53–56, 457 A.2d 108, 109–110 (1983). In passing upon a motion for summary judgment, we must examine the evidence in a light most favorable to the non-moving party. *Melmed v. Motts,* 341 Pa.Super. 427, 429, 491 A.2d 892, 893 (1985); *Raffensberger v. Moran,* 336 Pa.Super. 97, 101, 485 A.2d 447, 450 (1984).

In this case, we must review the grant of a summary judgment when the requested relief is an injunction restraining an invasion of real property, and we are guided by the following:

> ... A court of equity will only grant an injunction where the rights and equity of the plaintiff are clear and free from doubt and the harm sought to be remedied is great and irreparable. (Citations omitted). A party seeking to enjoin an invasion of his or her right in and to real property must demonstrate that he or she has a clear right to the property in question. (Citations omitted). To meet this burden, the plaintiff must rely upon the strength of his or her own title or other legal right to the property, and not upon the weakness of the title or legal right asserted by the defendants. (Citations omitted).

*Cannon Bros., Inc. v. D'Agostino,* 356 Pa.Super. 286, 290–91, 514 A.2d 614, 617 (1986).

Applying the aforementioned standards, we find that Taylor's attack on the entry of summary judgment against him must fail. Taylor failed to produce any evidence which demonstrated that the road in question was ever a public road. In fact, the evidence of record indicates that the road has always been a private road. Since Taylor based his counterclaims on the premise that the road was at one time or is now a public road, there is no question that

he has no right to "improve" the road based on such a theory. On the other hand, Carringer's right to injunction is clear. The record reveals that Taylor's actions have resulted in damage to the private property of Carringer, land which Taylor has no right to alter based on the theories which he raised in a timely manner. Accordingly, we affirm entry of summary judgment in favor of Carringer.

■ Next, Taylor questions whether it was error for the lower court to dismiss his separate action at law for quiet title based on easement theories. Again, we affirm the decision of the court below. Taylor argues that the lower court erred when it applied Pa.R.C.P. 1020(d)(1) and (4) to the present facts in that Rule 1020 does not apply to counterclaims. For the following reasons, we must disagree.

Pennsylvania Rules of Civil Procedure, Rule 1020, in pertinent part, states:

(d)(1) If a transaction or occurrence gives rise to more than one cause of action against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person.

\*       \*       \*       \*       \*       \*

(d)(4) Failure to join a cause of action as required by subdivision (d)(1) of this Rule shall be deemed to be a waiver of that cause of action as against all parties to the action.

Taylor argues that counterclaims are governed by Rule 1031 and Rule 1510, which provide that counterclaims are permissive, not mandatory, in Pennsylvania, and, thus, it was error to dismiss his separate action at law. See *Davis Cookie Co., Inc. v. Wasley,* 389 Pa.Super. 112, 566 A.2d 870 (1989) (counterclaims are permissive, not mandatory); *Bender Floor Covering Co. v. Gardner,* 387 Pa.Super. 531, 564 A.2d 518 (1989); *Jackson v. Richards 5 & 10, Inc.,* 289 Pa.Super. 445, 433 A.2d 888 (1981); *Oak Lane Shopping Center, Inc. v. Flame,* 264 Pa.Super. 9, 398 A.2d 721 (1979).

However, the facts of the case before us differ from the permissive counterclaim cases cited by Taylor in one controlling aspect. Herein, Taylor had filed counterclaims *prior* to filing his separate action. In so doing, Taylor had become a "plaintiff," and, as such, must follow the rules of pleading which control a plaintiff's complaint. *Olivieri v. Olivieri*, 242 Pa.Super. 457, 364 A.2d 361 (1976). Consequently, Rule 1020(d) applies in this particular case. Taylor's failure to plead his cause of action in quiet title based on easement theories as a separate count in his complaint (counterclaim) operates as a waiver of that cause of action, and the lower court properly dismissed the separate action at law. See *Garcia v. Community Legal Services Corp.*, 362 Pa.Super. 484, 524 A.2d 980 (1987), appeal denied 517 Pa. 623, 538 A.2d 876 (1988). In sum, counterclaims are permissive in Pennsylvania; however, once the defendant asserts a counterclaim, he becomes a plaintiff and must join all counterclaims which arise from the same "transaction or occurrence" upon which the counterclaim is based or such claims shall be deemed waived.

Taylor also complains that the trial court erred when it denied his petition to permit amendment of his counterclaim to include his easement theories. Again, we find no error on the part of the trial court. Instantly, Taylor did not seek to amend his complaint until after entry of the decree nisi which granted summary judgment in favor of his opponent. Generally, a party may at any time, either with the consent of his opponent or by leave of court, amend his pleading. See Pa.R.C.P. 1033. Permission to allow amendment is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Ecksel v. Orleans Const. Co.*, 360 Pa.Super. 119, 519 A.2d 1021 (1987); *Gallo v. Yamaha Motor Corp. U.S.A.*, 335 Pa.Super. 311, 484 A.2d 148 (1984). Such a motion may be granted while a motion for judgment on the pleadings is pending, after judgment, or after an award has been made or an appeal has been filed. *Ecksel*, 519 A.2d at 1027. However, amendment must not be for a new cause

of action or surprise or prejudice the opposing party. *Eck-sel*, 519 A.2d at 1027; *Robinson Protective Alarm Co. v. Bolger & Picker*, 337 Pa.Super. 503, 487 A.2d 373 (1985). Applying the foregoing, we find no abuse of discretion in denying Taylor's motion to amend which was not filed until after entry of the decree nisi. C.f., *Small v. Columbia Gas of Pennsylvania, Inc.*, 363 Pa.Super. 61, 525 A.2d 424 (1987) (denial of losing party's motion to amend which was filed after verdict and after post-verdict motions were pending was proper); see also *Newcomer v. Civil Service Com'n of Fairchance Borough*, 100 Pa.Cmwlth. 559, 515 A.2d 108 (1986).

■ In regard to Carringer's contention that the trial court erred when it amended its order dismissing Taylor's easement action to read "dismissed without prejudice", we agree with Carringer. By failing to assert in his easement cause of action as a counterclaim along with his statutory theories, Taylor has waived that cause of action. Pa.R.C.P. 1020(d)(4). Taylor should have brought all of his causes of action at the same time, and entry of judgment against Taylor on his statutory causes of action has the effect of *res judicata* and bars recovery on his easement theories. Cf., *Spinelli v. Maxwell*, 430 Pa. 478, 243 A.2d 425 (1968). Thus, we reverse the amended order and remand for entry of an order which dismisses Taylor's complaint at law "with prejudice." [6]

Final decree affirmed. Order of September 20, 1989, is reversed and case is remanded for entry of an order in accordance with the provisions of this opinion. .

CIRILLO, President Judge, files a concurring and dissenting opinion.

CIRILLO, President Judge, concurring and dissenting.

Because Taylor has failed to produce any evidence that the unimproved dirt road was ever a public road under

---

[6]. Perhaps, Taylor should seek his relief via a Board of Viewers' proceeding to open a private road pursuant to 36 P.S. § 2731, although we do not herein comment upon the merits of such an action.

section 2781 or section 2735, I, like the majority, would affirm the entry of summary judgment in favor of Carringer. *See* 36 Pa.S. §§ 2781 & 2735. Moreover, I also agree with the majority's finding that Taylor's failure to plead his quiet title action as a separate count of his counterclaim in equity operates as a waiver of that cause of action at law. The majority has also, in my opinion, correctly disposed of Carringer's contention that the trial court erred when it amended its order dismissing Taylor's quiet title action at law to read "dismissed without prejudice." However, because I do not believe that Carringer has made a sufficient showing that he would have been substantially prejudiced had the trial court granted Taylor's petition for leave to amend his counterclaim in equity to include easement theories, I would reverse the trial court's order and remand the case for a hearing on Taylor's easement claims.

As the majority's procedural recitation indicates, on June 5, 1989, while the exceptions to the decree nisi in Carringer's equity action were pending, Taylor instituted a separate action at law to quiet title, asserting a right of way or easement [by necessity or prescription] along the roadway with all reasonable rights of repair. Subsequently, on July 12, 1989, Taylor filed a petition for leave to amend his counterclaim in equity to incorporate the allegations set forth in his quiet title action.[1] Taylor's petition was filed *before* argument was held on the exceptions to the decree nisi and the preliminary objections to the quiet title action at law.

Subsequently, the trial court entered a final decree denying Taylor's exceptions to the decree nisi and granting Carringer's exceptions. The court also denied Taylor's mo-

---

1. Taylor also petitioned for consolidation of the actions at law and in equity. In response, Carringer filed preliminary objections to Taylor's action at law, alleging that dismissal was proper due to Taylor's failure to comply with the compulsory joinder provisions of Pennsylvania Rule of Civil Procedure 1020(d)(1) & (4). Additionally, Carringer argued that the doctrine of *lis pendens* barred Taylor's consolidation request. Finally, Carringer filed for an allowance of attorney's fees under section 2503, alleging that Taylor's action at law was brought in bad faith. *See* 42 Pa.C.S. § 2503.

tion to amend his counterclaim to include easement theories. Judge Wolfe reasoned that while "easement rights may be afoot," Taylor's motion to amend was "untimely" since he failed to raise these theories prior to entry of the decree nisi.[2]

The majority concludes that the trial court did not abuse its discretion in denying Taylor's motion to amend his counterclaim to include easement theories. The majority finds no abuse of discretion because Taylor did not file this motion until after entry of the decree nisi. I disagree with the majority's finding, and would reverse the trial court order.

Pennsylvania Rule of Civil Procedure 1033 states:

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action ... or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.C.P. 1033.

When reviewing a trial court's order that relates to a motion to amend pleadings, we must keep in mind that "the policy of Pennsylvania courts is that amendments to pleadings will be liberally allowed in order to secure a determination of cases on their merits." *Tanner v. Allstate Ins. Co.,* 321 Pa.Super. 132, 137, 467 A.2d 1164, 1167 (1983); *see also Laursen v. General Hospital of Monroe County,* 494 Pa. 238, 431 A.2d 237 (1981); *Posternack v. American Casualty Co. of Reading,* 421 Pa. 21, 218 A.2d 350 (1966); *Gallo v. Yamaha Motor Corp., U.S.A.,* 335 Pa.Super. 311, 484 A.2d 148 (1984), *alloc. denied,* 517 Pa. 623, 538 A.2d 876 (1988); *Sands v. Forrest,* 290 Pa.Super. 48, 434 A.2d 122 (1981); *Gregg v. Gacon Const. Co.,* 249 Pa.Super. 377, 378 A.2d 344

---

**2.** In addition to the final decree, Judge Wolfe also filed an order dismissing Taylor's quiet title action at law and denying his petition for consolidation.

(1977). Moreover, our supreme court has also held that while the decision to grant or deny a petition to amend pleadings is within the sound discretion of the trial court, this discretion is not unfettered. *Bata v. Penn Central Nat'l Bank of Philadelphia*, 448 Pa. 355, 293 A.2d 343 (1972), *cert. denied*, 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973) (allowing an amendment to a complaint after the trial court's decree was entered); *Sands, supra; Gregg, supra.* An amendment will not be permitted where its effect would be to prejudice or surprise the adverse party. *Small v. Columbia Gas of Pennsylvania, Inc.*, 363 Pa.Super. 61, 525 A.2d 424 (1987); *Newcomer v. Civil Service Com'n of Fairchance Borough*, 100 Pa.Cmwlth. 559, 515 A.2d 108 (1986), *alloc. denied*, 514 Pa. 626, 522 A.2d 51 (1987); *Del Turco v. Peoples Home Savings Ass'n.*, 329 Pa.Super. 258, 478 A.2d 456 (1984).

Our supreme court explained the concept of prejudice under Pa.R.C.P. 1033 in *Bata, supra:*

All amendments have this in common: they are offered *later in time* than the pleading which they seek to amend. If the amendment contains allegations which would have allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by the *time* at which it is offered rather than the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed.

*Bata*, 448 Pa. at 380, 293 A.2d at 357 (emphasis in original, citations omitted). *See also Winterhalter v. West Penn Power Co.*, 355 Pa.Super. 17, 512 A.2d 1187 (1986) (grant of leave to amend pleadings is limited only to consideration of whether it might unduly prejudice an adverse party; prejudice is defined as something more than detriment to the other party); *Sands, supra* (the prejudice that would prevent the grant of an amendment must be something more than detriment to the adverse party, since any amendment

almost certainly will be designed to strengthen the legal position of the amending party and correspondingly to weaken the position of the adverse party).

In *Binswanger v. Levy*, 311 Pa.Super. 41, 457 A.2d 103 (1983), this court held that the right to amend may even be granted following a trial court order dismissing a plaintiff's complaint for failure to state a cause of action. *Id.*, 311 Pa.Superior Ct. at 48, 457 A.2d at 107. There, a group of brokers filed a complaint against three property vendors alleging that they had been offered a commission if the vendors' properties had been sold to the brokers' clients. The complaint also stated that the sale of the vendors' properties to the brokers' clients would not have occurred in the absence of the brokers' services. We held that the brokers' complaint failed to state a cause of action against the vendors. *Id.*, 311 Pa.Superior Ct. at 48, 457 A.2d at 107. The brokers, however, had also filed a motion to open judgment with the trial court, alleging that they possessed newly discovered documents to support their claim to the commission.[3] We noted that in light of the brokers' additional averments, it was unclear that they failed to state a cause of action or that granting them leave to amend their complaint would have been futile. Consequently, we held that the brokers were entitled to amend their complaint since there was a reasonable possibility that they would succeed on the merits of their new claims. *Id.*, 311 Pa.Superior Ct. at 48, 457 A.2d at 107. *See also Dietrich Industries, Inc. v. Abrams*, 309 Pa.Super. 202, 213, 455 A.2d 119, 125 (1982) ("If there exists a reasonable possibility that a cause of action may be stated, the right to amend will not be withheld."); *Mace v. Senior Adult Activities Center of Montgomery County*, 282 Pa.Super. 566, 423 A.2d 390 (1980) (same).

---

**3.** In their motion, the brokers averred that the vendors and buyers reached an agreement under which the vendors would be responsible for paying the commission to the brokers. Additionally, the brokers alleged that the vendors had rejected the buyers produced by the brokers in bad faith and had done so for the purpose of depriving the brokers of their commission.

Here, the trial court conceded, as the majority recognizes, that there is a possibility that Taylor would have prevailed had he been permitted to assert easement rights with respect to the dirt road.[4] Nonetheless, the majority affirms the trial court's decision denying Taylor's petition for leave to amend his counterclaim. I find little merit in Carringer's argument that the trial court properly denied Taylor's petition. Taylor, like the plaintiff-brokers in *Binswanger*, has made a sufficient showing that his proposed amendment, if granted, would not have been futile. Accordingly, Taylor's "... right to amend should not be withheld [since] ... there is some reasonable possibility that the amendment can be accomplished successfully." *Binswanger*, 311 Pa.Super. at 48, 457 A.2d at 107 (citation omitted); *see also Dietrich Industries*, 309 Pa.Super. at 213, 455 A.2d at 125.

The majority's finding that the trial court did not abuse its discretion in this instance also ignores the maxim that mere delay in the proceedings is not a sufficient claim of prejudice that would prevent the allowance of an amendment. *William Penn Parking Garage Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). Taylor filed his petition for leave to amend his counterclaim *before* argument was held on the parties' exceptions to the interlocutory decree nisi and the preliminary objections to Taylor's action at law to quiet title. Moreover, Carringer has made no allegation that there was insufficient time to respond to the new averments which Taylor sought to introduce. Even if Carringer required additional time to respond to Taylor's allegation that he is entitled to improve the dirt road by virtue of an easement, the trial court could have granted a continuance rather than deny Taylor's petition to amend his counterclaim. *Sands*, 290 Pa.Super. at 52, 434 A.2d at 125; *Gregg*, 249 Pa.Super. at 378, 378 A.2d at 345. Under these circumstances, it is difficult to deter-

---

**4.** Judge Wolfe stated, "We recognize easement rights may be afoot; however, Defendant did not raise the issue definitively prior to the Decree Nisi, and we will not now entertain it." Final Adjudication of August 22, 1989, at 5.

mine how the timing of Taylor's proposed amendment has prejudiced or surprised Carringer. *Bata, supra.*

To deny Taylor's petition for leave to amend his counterclaim circumvents a stated objective of the courts of this Commonwealth to obtain determinations of cases on the merits wherever possible. *Laursen,* 494 Pa. at 243, 431 A.2d at 240; *Sands,* 290 Pa.Super. at 52, 434 A.2d at 124. Taylor's attempt to strengthen his legal position by amending his counterclaim will likely have the corresponding effect of weakening Carringer's position. Such an effect, however, does not rise to the level of prejudice which would support the trial court's decision to deny Taylor's request to amend his pleading. *Sands, supra.* Moreover, Carringer has set forth no compelling arguments, nor does the record before us indicate anything that would preclude the parties from proving or disproving Taylor's allegation that he may improve the dirt road abutting the parties' properties because of an easement. Consequently, I would reverse the trial court's order denying Taylor's petition for leave to amend his counterclaim in equity.