665 A.2d 1198

Julie SEJPAL and Vinod Sejpal and Erica Lynn Sejpal, a Minor, by Julie Sejpal, Her Guardian, Appellants,

v.

CORSON, MITCHELL, TOMHAVE & McKINLEY, M.D.'S., INC., Hampton Corson, Donald Mitchell, Robert Tomhave, Richard G. McKinley, Donald R. McKinley and Conemaugh Valley Memorial Hospital, Appellees.

Superior Court of Pennsylvania.

Submitted July 24, 1995.

Filed Sept. 25, 1995.

428

Joseph E. Hudak, Pittsburgh, for appellants.

Frank J. Stanek, Altoona, for Corson, Mitchell, Tomhave & McKinley, M.D.'s.

Heather A. Williams, Hollidaysburg, for Conemaugh Valley Memorial Hospital.

Thomas F. Halloran, Deputy Attorney General, Pittsburgh, for Commonwealth, participating party.

Before McEWEN, TAMILIA and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

During a 1989 pregnancy, Julie Sejpal (appellant) sought prenatal and obstetric care from Corson, Mitchell, Tomhave and McKinley, M.D.'s., Inc., and its individual doctors, Hampton Corson, Donald Mitchell, Robert Tomhave, Richard G. McKinley, and Donald R. McKinley (appellees). On August 30, 1989, appellant gave birth to Erica Lynn Sejpal. Immediately after the birth of the child, appellant elected to undergo a sterilization procedure.

In 1992, sometime after finding out that Erica suffered from Down's Syndrome, appellant and her husband filed a suit against appellees, their medical corporation, and Conemaugh Valley Memorial Hospital. Appellant asserted that appellees negligently failed to conduct proper prenatal testing which would have discovered Erica's Down's Syndrome. If the condition had been discovered, appellant could have terminated the pregnancy. Appellant also asserted that the failure to inform her of Erica's Down's Syndrome resulted in a lack of informed consent regarding her subsequent sterilization.

By opinion and order dated March 4, 1992, the trial court dismissed the claims that pled "wrongful life" or "wrongful birth" causes of action on the authority of 42 Pa.C.S.A. § 8305. On appeal, this Court affirmed the dismissal, and the Supreme Court denied allowance of appeal. A further appeal for

certiorari to the United States Supreme Court was also denied.

Following this set of appeals, the matter returned to the trial court for action on appellant's remaining claims. Appellees immediately filed a motion for judgment on the pleadings asserting that "[a]lthough not expressly stated ... each [remaining] Count is based upon theories of wrongful birth or seeks damages in connection with the birth of Erica Lynn Sejpal." R.R. at 33a. Hence, appellees argued that the remaining claims were also barred by 42 Pa.C.S.A. § 8305. In response, appellant sought leave of the court to amend her complaint "for purpose of clarification." R.R. at 51a.

On January 12, 1995, the Honorable F. Joseph Leahey filed an order denying appellant's request to amend and granting appellees' motion for judgment on the pleadings. This appeal followed.

■ Appellant first alleges that the trial court erred in granting appellees' motion for judgment on the pleadings. "[A] motion [for judgment on the pleadings] is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him." *Cantwell v. Allegheny County,* 506 Pa. 35, 36 n. 1, 483 A.2d 1350, 1351 n. 1 (1984) (quoting *Karns v. Tony Vitale Fireworks Corp.,* 436 Pa. 181, 184, 259 A.2d 687, 688 (1969)).

After reviewing appellant's allegations, the trial court granted judgment for appellees because it believed that all of appellant's remaining claims were barred by 42 Pa.C.S.A. § 8305. *See* trial court opinion, 1/12/95 at 5. Section 8305(a) states, "[t]here shall be no cause of action ... based on a claim that, but for an act or omission of the defendant, a person once conceived would not or should not have been born." 42 Pa.C.S.A. § 8305(a). Section 8305(b) similarly prohibits actions based on claims that a person should not have been conceived or should have been aborted. 42 Pa. C.S.A. § 8305(b). Because the trial court believed that all of appellant's remaining claims were "obviously premised on

[the] claim that Erica should not have been born," it applied section 8305 and granted judgment for appellees. Trial court opinion, 1/12/95 at 5. After careful review, we cannot agree with the trial court's characterization of all of appellant's remaining claims.

██ Appellant's entire complaint was inartfully drafted. Yet, a fair reading reveals allegations of two separate and distinct harms: the "wrongful birth" or "wrongful life" of a Down's Syndrome child and the performance of a sterilization procedure without informed consent. *See Jenkins v. Hospital of the Medical College of Pennsylvania*, 535 Pa. 252, 261, 634 A.2d 1099, 1103 (1993) (addressing an appealability issue and holding, on facts identical to those in the instant appeal, that "Ms. Jenkins alleged two different harms: (1) the birth of a child with Down's Syndrome, and (2) the sterilization performed without her informed consent."). While the two claims are related in the sense that they both focus on appellees' failure to inform appellant of Erica's Down's Syndrome, only the former is based on an assertion that a person should not have been born. The latter is a separate claim alleging that, notwithstanding Erica's birth, appellant would not have been sterilized and would have tried for a second healthy baby if she had known of Erica's illness. Thus, the trial court erred in finding that section 8305 operated as a bar to appellant's sterilization/lack of informed consent claims.

Given that the trial court ruled for appellees solely on the basis of section 8305, we must reverse the order in part and remand the case for consideration of the merits of appellant's lack of informed consent theory of recovery.[1]

██ Appellant also asserts that the trial court erred by not allowing her to amend her pleading. A motion to amend a pleading is addressed to the sound discretion of the trial court and the trial court's determination is not to be disturbed on appeal absent an abuse of discretion. *E.g., Carringer v.*

1. Appellees argue that the informed consent doctrine is inapplicable to the facts of this case. These arguments should be addressed to the trial court on remand.

*Taylor,* 402 Pa.Super. 197, 207, 586 A.2d 928, 933 (1990), *appeal denied,* 533 Pa. 629, 621 A.2d 576 (1992). In exercising its discretion, a trial court should liberally allow amendments so as to permit cases to be decided on the merits. *E.g., Horowitz v. Universal Underwriters,* 397 Pa.Super. 473, 480, 580 A.2d 395, 399 (1990), *appeal denied,* 527 Pa. 610, 590 A.2d 297, 298 (1991). An amendment should not be allowed, however, where it will present an entirely new cause of action or unfairly surprise or prejudice the opposing party. *E.g., Carringer,* 402 Pa.Super. at 207, 586 A.2d at 933.

In the original complaint, appellant alleged that appellees' failure to perform required tests during pregnancy which could have detected Erica's Down's Syndrome contributed to her lack of informed consent for the sterilization. R.R. at 21a–23a. By her amendment, appellant sought to add to her complaint specific allegations that appellees misled her into believing that Erica was healthy and normal just prior to sterilization. The trial court refused to allow the amended complaint, believing that it pled an entirely new cause of action. We disagree.

■ Although inartfully pled, appellant's original complaint did allege that she would not have undergone the sterilization procedure if it were not for appellees' prenatal failure to discover Erica's Down's Syndrome. R.R. at 21a–22a. The theory of this allegation is that if appellant had known that her first child, Erica, suffered from Down's Syndrome, she would have refused sterilization and tried to have another child. In her amended complaint, appellant alleged that appellees misled her, even after Erica was born, into believing that her baby was healthy and normal. While appellant's amendment raises more specific, and arguably more damaging, allegations, it still supports the same theory of recovery: if appellees had informed appellant of Erica's Down's Syndrome, she would not have gone through with the sterilization. The trial court correctly points out that the original complaint focuses on appellees' prenatal failures to detect and inform, while the amendment to the pleadings adds an allegation of post-delivery misrepresentation. We simply do not see how

this difference creates a new cause of action, however. Since we find that the amendment to the pleadings did not raise a new cause of action, and since appellees failed to assert any unfair surprise or prejudice, we must conclude that the trial court abused its discretion in refusing to allow the pleadings to be amended.

Finally, appellant asserts that 42 Pa.C.S.A. § 8305 is unconstitutional in that it violates an individual's fundamental right to make personal procreative decisions. Because of our determination that section 8305 is inapplicable to appellant's sterilization/lack of informed consent claims, the constitutionality of that statute is no longer an issue in the present appeal and we need not address it further. *See Weir v. Weir*, 428 Pa.Super. 515, 531, 631 A.2d 650, 658 (1993) ("It is well settled that the appellate courts will not decide constitutional issues unless it is absolutely necessary to do so.").

In sum, we find that the statutory prohibition against wrongful birth and wrongful life suits does not bar appellant's separate and distinct action for lack of informed consent regarding her sterilization.[2] Additionally, appellant's attempted amendment to the pleadings only sought to strengthen the informed consent theory of the case; and under our liberal amendment rules, it should have been allowed. Therefore, we reverse the trial court's January 12, 1995, order, insofar as it dismissed the sterilization claims and denied appellant's proposed amendments, and remand for further proceedings consistent with this Opinion.

Reversed in part and remanded. Jurisdiction relinquished.

---

**2.** We offer no opinion on the validity of appellant's theory of recovery on the basis of lack of informed consent. Our present decision simply holds that appellant's claim is not barred by 42 Pa.C.S.A. § 8305.