J-A33037-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| CHARLES R. ADDISON AND TAMMY D. ADDISON, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER F. HECKMAN, III, AND TAMARA L. HECKMAN, HIS WIFE, | : | |
| | : | |
| Appellees | : | No. 668 WDA 2016 |

Appeal from the Order April 1, 2016
in the Court of Common Pleas of Westmoreland County
Civil Division at No(s): No. 1823 of 2014

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED FEBRUARY 22, 2017**

Charles R. and Tammy D. Addison (the Addisons, collectively) appeal from the April 1, 2016 order that denied the Addisons' motion to vacate the judgment on the pleadings entered in favor of Christopher F. and Tamara L. Heckman (the Heckmans, collectively).[1]  We reverse in part, affirm in part, and remand for proceedings consistent with this memorandum.

The trial court offered the following summary of the underlying facts of the case.

---

[1] The interlocutory April 1, 2016 order was rendered appealable by the order filed on May 2, 2016, which stated in relevant part as follows: "The [trial c]ourt's April 1, 2016 order is hereby amended to provide that an immediate appeal will facilitate resolution of the entire case and that the April 1, 2016 order is deemed final and appealable pursuant to Pa.R.A.P. 341(c)."

*Retired Senior Judge assigned to the Superior Court.

This matter involves certain property located at 326 Hi Acre Road, Salem Township, New Alexandria, Westmoreland County, 15670. Said property is currently owned by [] Tamara L. Williams, now Tamara L. Heckman, as evidenced by the deed filed in Westmoreland County's Recorder of Deeds at instrument number 2000905110017373. [The Addisons'] amended complaint alleges an oral agreement taking place between [the Addisons] and [the Heckmans], whereby [] Tamara Heckman agreed to convey the subject property, a horse boarding farm, to [the Addisons] in exchange for a purchase money mortgage and a bill of sale for the equipment on the land. [The Addisons] allege that they sold their real property to acquire funds for the down payment on the subject Heckman property. [The Addisons] claim that after they sold their real property, [the Heckmans] failed to execute the oral agreement, but instead presented [the Addisons] with an installment land contract for the subject horse boarding farm. [The Addisons] allege that they had no choice but to sign the installment land contract, as they already sold their own real property, and they subsequently filed the present action to attempt to reform the contract to reflect the alleged initial agreement for the subject real property between the parties.

Trial Court Opinion, 8/20/2015, at 1-2 (unnecessary capitalization omitted). The Heckmans' responsive pleading included counterclaims against the Addisons for their failure to comply with the terms of the written contract. Answer to Amended Complaint and New Matter, 1/23/2015, at unnumbered 10-12.

After the pleadings were closed, the Heckmans moved for judgment on the pleadings. The trial court granted the motion by opinion and order filed on August 20, 2015, holding that the merger clause in the written agreement cancelled out any prior understandings, and that the Addisons failed to plead the necessary elements for fraud to admit parol evidence.

- 2 -

Trial Court Opinion, 8/20/2015, at 6.   The Addisons filed a notice of appeal from the August 20, 2015 order, which this Court *sua sponte* quashed as interlocutory.

Back in the trial court, the Addisons presented a motion to vacate the judgment entered by the August 20, 2015 order and for leave to file a second amended complaint.  Therein, the Addisons contended that new counsel, hired after the appeal was filed, "analyzed this matter and concluded that there are issues regarding the legality and validity" of the contract, among which was the fact that Charles Williams, a previously-undisclosed person, held an ownership interest in the property but was not a party to the contract for its sale.  Motion to Vacate Judgment, 2/1/2016, at ¶¶ 5, 9a.

The Heckmans responded with a motion for leave to add Mr. Williams as a party.  Therein, the Heckmans indicated that the real property at issue was owned by Tamara and Charles Williams at the time the Addisons filed their complaint, and that Mr. Williams gave Tamara authority to sell the property.  Motion for Leave to Add Party Plaintiff, 2/1/2016, at ¶ 7, 17-18. The Heckmans subsequently filed an affidavit executed by Mr. Williams which provides, *inter alia*, that Tamara had presented him with the agreement to sell the property to the Addisons; that "he is familiar with the terms and conditions of the [a]greement and ratifies the [a]greement;" that Tamara "was and is" authorized to dispose of his interest in the land; and

that he will transfer his interest in the property to the Addisons if they fulfill the terms of the agreement. Affidavit, 2/18/2016, at ¶¶ 3-6.

By order of April 1, 2016, the trial court denied the Addisons' motion, granted the Heckmans' motion, and directed Mr. Williams, as a counterclaim plaintiff, to file his counterclaim complaint within 30 days. Opinion and Order, 4/1/2016, at 6. The Addisons timely filed a notice of appeal after the trial court designated the order as appealable under Pa.R.A.P. 341(c).

In their statement of questions presented on appeal, the Addisons raise various arguments that the trial court erred or abused its discretion in denying their motion to vacate the judgment on the pleadings and to file an amended complaint, and instead joining Mr. Williams as a counterclaim plaintiff. The Addisons' Brief at 2-6.[2]

We begin our consideration of the Addisons' arguments mindful of our standard of review. "On appeal from the denial of a petition to strike an order or judgment, a trial court will be reversed only if there is a manifest abuse of discretion or error of law." *Atl. Nat. Trust, LLC v. Stivala Investments, Inc.*, 922 A.2d 919, 922 (Pa. Super. 2007) (citation and internal quotation marks omitted). Similarly, "[t]he decision of the trial

---

[2] The Addisons' brief lists seven questions presented, but the argument section is not divided into corresponding parts as contemplated by Pa.R.A.P. 2119(a). Thus, rather than reproduce the questions here and proceed to review them *seriatim*, we will address in our discussion the issues that are both included in the statement of questions presented and developed in the argument section of the brief.

[c]ourt to deny a motion to amend a complaint is within the sound discretion of the trial court, and the trial court's determination will not be disturbed absent an abuse of that discretion." ***Phillips v. Lock***, 86 A.3d 906, 915 (Pa. Super. 2014) (citation and internal quotation marks omitted).

The Addisons first argue that the trial court should have vacated the order granting judgment on the pleadings to the Heckmans. Specifically, they contend that Mr. Williams's interest in the real estate at issue rendered him an indispensable party such that his absence deprived the trial court of the authority to have granted judgment on the pleadings. The Addisons' Brief at 17-23.

Here, the trial court agreed with the Addisons that Mr. Williams is an indispensable party, but rejected their argument that the judgment entered in his absence must be vacated because his rights had not been adversely affected prior to his joinder, and he "agreed that he will abide by the decisions of the court as to all parties to the litigation, and has submitted himself to the court's jurisdiction." Trial Court Opinion, 4/1/2016, at 3-4 (unnecessary capitalization omitted). While this solution is appealing in its efficiency, it unfortunately is contrary to the law.

> As a general rule, an indispensable party is one whose rights are so connected with the claims of the litigants that no decree can be made without impairing its rights. Appellate courts have consistently held that property owners are indispensable parties in lawsuits concerning the owners' property rights.

- 5 -

> The absence of an indispensable party goes absolutely to the court's jurisdiction. If an indispensable party is not joined, a court is without jurisdiction to decide the matter. The absence of an indispensable party renders any order or decree of the court null and void.

***Sabella v. Appalachian Dev. Corp.***, 103 A.3d 83, 90 (Pa. Super. 2014) (quoting ***Hart v. O'Malley***, 647 A.2d 542, 549 (Pa. Super. 1994)). "Whenever it appears by suggestion of the parties or otherwise that … there has been a failure to join an indispensable party, the court shall order that … the indispensable party be joined, but if that is not possible, then it shall dismiss the action." Pa.R.C.P. 1032(b).[3]

The trial court correctly determined that Mr. Williams is an indispensable party to this action concerning the sale of property in which he has an ownership interest, and properly concluded that he be must be joined pursuant to Pa.R.C.P. 1032(b). However, an inescapable consequence of Mr. Williams's preceding absence from the case is that "the trial court lacked

---

[3] The prior version of Rule 1032 required dismissal of an action in which an indispensable party had not been joined.

> However, Section 5103 of the Judicial Code relating to the "Transfer of erroneously filed matters" provides for transfer of such matters to a court having jurisdiction and not dismissal. The rule has been amended to conform to the Judicial Code. At the same time, the rule has also been amended to provide that an indispensable party be joined. If there is not [a] proper court to which the matter may be transferred or if the indispensable party cannot be joined, only then dismissal of the action will be appropriate.

Pa.R.C.P. 1032, 1994 Explanatory Comment.

subject matter jurisdiction to enter judgment in favor or against any party" prior to his joinder. **Orman v. Mortg. I.T.**, 118 A.3d 403, 407 (Pa. Super. 2015). Accordingly, we are constrained to reverse that portion of the trial court's April 1, 2016 order that denied the Addisons' motion to vacate the grant of judgment on the pleadings in favor of the Heckmans.[4]

We next consider whether the trial court abused its discretion in denying the Addisons' request to file a second amended complaint.

"A trial court enjoys broad discretion in evaluating a motion for leave to amend pleadings." **Mohney v. Am. Gen. Life Ins. Co.**, 116 A.3d 1123, 1138 (Pa. Super. 2015).

> Generally, a party may at any time, either with the consent of his opponent or by leave of court, amend his pleading. Permission to allow amendment is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Such a motion may be granted while a motion for judgment on the pleadings is pending, after judgment, or after an award has been made or an appeal has been filed. However, amendment must not be for a new cause of action or surprise or prejudice the opposing party.

**Carringer v. Taylor**, 586 A.2d 928, 932-33 (Pa. Super. 1990).

---

[4] Because the Heckmans no longer have a judgment in their favor, Mr. Williams must be joined with them as defendants to the allegations in the Addisons' December 4, 2014 amended complaint, rather than as a counterclaim plaintiff, because his interests are aligned with those of the Heckmans. **See** Pa.R.C.P. 2227(a) ("Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants."). If Mr. Williams so wishes, he may file new matter and/or counterclaims in addition to filing an answer to the Addisons' December 4, 2014 amended complaint.

Here, the trial court concluded that granting the Addisons' leave to file another amended complaint would not "lead to a fair and economic resolution" of the case. Trial Court Opinion, 4/1/2016, at 5.

> The [trial] court notes that granting [the Addisons'] motion would result in severe prejudice to [the Heckmans] and Mr. Williams at this late stage in the proceedings. Between filing a complaint and an amended complaint to begin this action, [the Addisons] had time to complete a title search to ascertain all ownership interests in the subject property. Said interests are public record and effectively put [the Addisons] on constructive notice of all ownership interests in the subject property, not only prior to initiating the legal action, but before signing the subject installment land contract. The fact that [they] did not discover Mr. Williams'[s] interest until recently should not lead to the prejudice of re-litigating years of this case's history.

*Id.* at 4 (unnecessary capitalization omitted).

The Addisons argue that the trial court erred in placing a duty upon the Addisons to have done a title search, and that they had valid issues to raise in their second amended complaint. The Addisons' Brief at 25-28, 23-25, 31-32. Further, the Addisons contend that Williams and the Heckmans would suffer no prejudice if an amended complaint were filed, and, even if they did, it would be their own fault. *Id.* at 32-34.

We are unpersuaded by the Addisons' arguments. There has been extensive litigation among these parties, including the Addisons' prior interlocutory appeal.[5] The Addisons' motion for leave to file an amended

---

[5] In addition to the instant case, the Addisons or Addison Hi Acre Stables, LLC, also filed appeals in two cases that involved confessed judgments entered against them on the sale at issue. They raised in those appeals

complaint, presented to the trial court after this Court quashed that appeal, indicates that new counsel, hired after the prior appeal was filed, "analyzed this matter and concluded that there are issues regarding the legality and validity" of the installment land contract. Motion to Vacate Judgment, 2/1/2016, at ¶ 5. Very little of the new allegations have anything to do with Mr. Williams; rather, they relate to a newly-discovered mortgage on the property, an easement, an alleged violation of a requirement to execute a general warranty deed, claimed improper application of the Addisons' payments on the installment land contract, and alleged conflicts between the contract and several statutes and rules of civil procedure. *Id.* at ¶¶ 9-10.

The Addisons lost in their first attempt to avoid the written contract and now, with different counsel, want to take advantage of the time they wasted pursuing an appeal from an unappealable order and their belated decision to examine the public record concerning the property they agreed to buy to take a second bite at the apple in pleading their claims. Under these circumstances, we cannot conclude that the trial court's decision to deny their motion for leave to file a second amended complaint can be

---

many of the same issues presented in this appeal, such as the failure to disclose Mr. Williams's interest in the land and the alleged illegality of the installment land contract. The Addisons were unsuccessful in both of the other appeals; however, this Court did not decide in either the merits of the claims presented in the instant appeal. *See Heckman v. Addison*, 1393 WDA 2015 (Pa. Super. August 3, 2016) (unpublished memorandum); *W&M Acre Stables, Inc. v. Addison Hi Acre Stables, LLC*, 1392 WDA 2015 (Pa. Super. August 3, 2016) (unpublished memorandum).

deemed "to show manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." ***Paden v. Baker Concrete Const., Inc.***, 414, 658 A.2d 341, 344 (Pa. 1995). Finding no abuse of discretion, we affirm that portion of the trial court's April 1, 2016 order that denied the Addisons' leave to file another amended complaint.

Order affirmed in part and reversed in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Lazarus joins.

Judge Solano concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017