512 A.2d 1187

**Kenneth and Dorothy WINTERHALTER, individually, and as parents and natural guardians of Sherri T. Winterhalter, a minor**

v.

**WEST PENN POWER COMPANY, and Asplundh Tree Expert Company, Inc.**

**Appeal of Sherri T. WINTERHALTER.**

Superior Court of Pennsylvania.

Argued March 20, 1986.

Filed June 26, 1986.

Reargument Denied Aug. 12, 1986.

18

Thomas G. Michalek, Pittsburgh, for appellant.

Kathleen Smith-Delach, Washington, for appellees.

Before BROSKY, MONTGOMERY and HESTER, JJ.

HESTER, Judge:

In this appeal, appellants argue that the lower court improperly granted a motion to amend in order to plead a new defense, and a motion for summary judgment filed by appellee Asplundh Tree Expert Company, Inc. (hereinafter "Asplundh"). Appellants contend that the pleadings were closed and, alternatively, that the defense of scope of employment asserted in the motion to amend had been waived.[1] The entry of summary judgment, which was

1. Appellee argues that Sherri Winterhalter, the named appellant, is not a party to this action and lacks standing to appeal. The emotional distress claim was filed by Kenneth and Dorothy Winterhalter, as parents and guardians of Sherri. No attempt has been made to change the caption or parties throughout the course of this action; consequently, appellee asserts that Sherri Winterhalter cannot appeal. We reject appellee's argument. Although Sherri was represented by her parents, she is the real party to this action. *See* Pa.R.C.P. 2027. When a minor comes of age during the pendency of the action, Pa.R.C.R. 2037 provides that the record *may* be amended to remove the name of the guardian. This language indicates that such an amendment need not be made, and that the guardian may continue as the named party. Although an amendment is the preferable course of proceeding, appellants' failure to amend the caption or to proceed as

based on that defense, must therefore be reversed, according to appellants. Having reviewed the arguments we affirm in part and reverse in part.

This case arose from an incident which occurred on June 17, 1982. West Penn Power allegedly directed appellee to cut down and remove trees along the property line of appellants Kenneth and Dorothy Winterhalter. The trees in question had provided a visual barrier between the public roadway and appellants' residence.

Prior to cutting down the trees, appellee sought permission from the homeowner to perform the work. On that day, the only family members at home were appellants' two minor daughters. Sherri T. Winterhalter, who was sixteen, allegedly granted limited permission to trim the trees, but refused to permit appellee to cut down the trees. When appellants' minor daughter observed appellee's employees actually cutting down the trees, she demanded that they stop immediately. At that time, the employees of Asplundh began to harass and verbally abuse her. They made loud and obscene comments about her and otherwise humiliated and embarrassed her.

Appellants on their own behalf and on behalf of their minor daughter instituted legal proceedings demanding compensation for the damages to their property and for the intentional infliction of emotional distress to their daughter. The original complaint was filed against West Penn Power on July 13, 1983; no preliminary objections were filed. Appellants subsequently filed an amended complaint to join Asphundh on April 17, 1984. Preliminary objections were filed on behalf of Asphundh on May 31, 1984, alleging that appellants' count for intentional infliction of emotional distress failed to state a cause of action upon which relief could be granted. These preliminary objections were grant-

guardians of Sherri will not prove fatal to this appeal. As the Pennsylvania Supreme Court stated in *Steward v. Hooks*, 372 Pa. 542, 545–6, 94 A.2d 756, 758 (1953), "it would be legal sophistry, reminiscent of an age long past, to determine the rights of litigants on such technicalities of pleading." Since the named parties to this suit are Sherri's parents, we will refer to them as "appellants."

ed and appellants were allowed forty-five days to amend their complaint, which they did. Following its filing of an answer and new matter, appellee filed a motion for partial summary judgment on February 5, 1985, alleging insufficient facts to support a claim of outrageous conduct. This motion was denied.[2]

On March 11, 1985, appellee filed an ex parte motion for leave to amend its answer in order to raise the defense of "scope of employment." The lower court granted this motion, and appellee so amended its answer. Subsequently, appellee filed a second motion for summary judgment, averring that the conduct of its employees was outside the scope of their employment. Said motion was granted by the court below and is the subject of this appeal.

Appellants first assign error to the trial court in allowing appellee to amend its answer and new matter and raise a new defense on March 12, 1985, after it had previously filed preliminary objections, answer and new matter.[3] Pa.R.C.P. 1033 provides, in pertinent part, that:

a party ... by leave of court, may at any time ... amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new ... defense.

2. On February 6, 1985, West Penn Power filed a motion for partial summary judgment, alleging lack of agency and action beyond the scope of employment. Said motion was granted on March 1, 1985, and is not challenged on this appeal.

3. Appellee contends that this appeal is interlocutory since an order which dismisses some but not all counts of a multicount complaint is not a final order and hence is not appealable. Appellee correctly states the law in this Commonwealth. *See Marron's Woodstove and Fireplace Center, Inc. v. Alaska Co., Inc.,* 326 Pa.Super. 471, 474 A.2d 337 (1984); *Praisner v. Stocker,* 313 Pa.Super. 332, 459 A.2d 1255 (1983). However, in the case at bar, appellants' complaint is not a multi-count one, but rather contains separate causes of action. An order dismissing one or more separate causes of action is appealable in this jurisdiction. *Morrow v. Bell Telephone Co. of Pa.,* 330 Pa.Super. 276, 479 A.2d 548 (1984). The order of the lower court striking appellants' allegation of intentional infliction of emotional distress was a final determination of that action and was immediately appealable.

Although no absolute right to amend exists, the courts of this Commonwealth have liberally construed the principle embodied in this rule. Consequently, courts have allowed amendments of pleadings *at any time,* as provided by the specific language of this statute. *See Biglan v. Biglan,* 330 Pa.Super. 512, 479 A.2d 1021 (1984).

■ Grant of leave to amend is limited only to a consideration of whether or not it might unduly prejudice an adverse party. *Sullivan v. Allegheny Ford Truck Sales, Inc.,* 283 Pa.Super. 351, 423 A.2d 1292 (1980). Prejudice has been defined by this court as "something more than a detriment to the other party, 'since any amendment almost certainly will be designed to strengthen the legal position of the amending party and correspondingly to weaken the position of the adverse party.'" *Sands v. Forrest,* 290 Pa.Super. 48, 53, 434 A.2d 122, 125 (1981). The decision of the lower court that amendment will be allowed and will not unduly prejudice the adverse party will only be reversed upon a showing of a clear abuse of discretion. *Junk v. East End Fire Department,* 262 Pa.Super. 473, 396 A.2d 1269 (1978).

■ As can be seen from our discussion above, the decision of the lower court to permit amendment cannot be reversed based upon the fact that the pleadings were closed. Amendments have been allowed in this Commonwealth before, during, and after trial. The language of this rule permits amendments at any time; consequently, no *per se* rule disallowing amendments exists. The proper inquiry is whether prejudice inured to the party opposing the amendment.

Appellants argue that they have suffered prejudice due to the fact that the defense of conduct beyond the scope of employment, if proved at trial, would deprive appellants of recovery unless they sued the employees individually and not as agents of Asplundh. At the time appellee raised this defense, the statute of limitations for instituting proceedings against those employees had expired. Thus, if this amendment were allowed and summary judgment granted

thereon, appellants would be out of court as to the cause of action of intentional infliction of emotional distress.

██ It is well established in Pennsylvania that amendment will not be permitted after the running of the statute of limitations if it introduces a new cause of action. *See Del Turco v. Peoples Home Savings Ass'n,* 329 Pa.Super. 258, 478 A.2d 456 (1984), and cases cited therein. Appellants argue that the scope of employment defense in appellee's amended answer introduced the need for appellants to assert new causes of action against the individual employees.

██ In support of their argument, appellants direct our attention to *Willinger v. Mercy Catholic Medical Center,* 241 Pa.Super. 456, 362 A.2d 280 (1976), aff'd, 482 Pa. 441, 393 A.2d 488 (1978). Therein, appellee sued appellant, Mercy Catholic Medical Center, for the wrongful death of his five-year-old son. Appellant filed a third party complaint against two physicians and attempted to amend that complaint during trial. Appellant sought to allege that the nurse-anesthetist, whose negligence caused the victim's death, was an agent of one of the additional defendants. The court refused to permit the amendment, holding that to do so would permit the addition of a new cause of action after the expiration of the statute of limitations. Appellants herein argue that this case is factually similar and should serve as guidance to us in reaching our decision.

However, we see an important distinction between *Willinger* and the case at bar. In that case, the party seeking leave to amend was a defendant attempting to amend a *complaint* filed against an additional defendant. In the present case, however, appellee was attempting to plead a new defense, the result of which was the realization by appellants that their complaint was incomplete. The assertion of a defense which may, if proven, deny recovery against the amending party is far different from the prohibition against asserting a new cause of action against a party after the statute of limitations has run. The reason-

ing is quite clear. "It is the duty of one asserting a cause of action against another to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based." *Schaffer v. Larzelere*, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963). By suing an employer for the acts of its employees, appellants assumed the risk that appellee would not deny agency. Through their pleadings, appellants defined the initial parameters of their lawsuit.

Admittedly, appellants' contention that an untimely defense is as prejudicial as an untimely cause of action has an appealing logic. However, a close scrutiny of the procedural facts in this case reveals that any prejudice was caused by appellants' own conduct. The incident occurred on June 17, 1982; the original complaint was filed on July 13, 1983. West Penn Power's answer denied agency and indicated that Asplundh was the independent contractor which performed the work. An amended complaint to join Asplundh was not filed until April 17, 1984. At that point, two months remained before the expiration of the statute of limitations. Subsequently, appellee filed timely preliminary objections which were granted and resulted in the amendment of appellants' complaint. Appellee's original answer, which was not objected to as untimely, was filed on November 7, 1984. Even if the challenged defense of scope of employment had been asserted then, appellants would have been barred from suing the individual employees. The Supreme Court of Pennsylvania, in its analysis of prejudice resulting from amendments, noted:

> the question of prejudice is presented by the *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed. . . .

*Bata v. Central-Penn National Bank of Philadelphia*, 448 Pa. 355, 380, 293 A.2d 343, 357 (1972), quoting Fleming

James, Jr., Civil Procedure 158 (1965) (emphasis in original). Applying that principle, appellants have suffered no prejudice.[4] We find no error in the court's decision to permit amendment.[5]

■ However, we reverse the grant of the motion for partial summary judgment. Appellants averred that appellee's employees made comments of a sexual nature and verbally abused appellants' child about the punishment she might suffer as a result of their actions. These comments could be considered within the scope of employment and raise a question of fact as to whether the employees were acting in furtherance of their employer's business. *Anzenberger v. Nickols*, 413 Pa. 543, 198 A.2d 309 (1964). Where issues contain questions of fact which require determinations by jury, summary judgment may not be granted. *Rybas v. Wapner*, 311 Pa.Super. 50, 457 A.2d 108 (1983).

We therefore affirm the grant of the motion to amend and reverse the entry of partial summary judgment.

4. Moreover, until appellants' amended complaint stated the allegations for this cause of action in greater detail, appellee's defense of scope of employment may not have been apparent.

5. Additionally, unlike *Willinger*, wherein the motion to permit amendment was made during trial, herein the motion was made only five months after the amended complaint was filed and prior to trial.