559 A.2d 590

Kirsten Kay EDMONDS, Administratrix of the Estate of Leonard Blaine Edmonds, Deceased and Kirsten Kay Edmonds, in Her own Right

v.

MBB, INC. and Messerschmitt–Boelkow–Blohm and Keystone Helicopter Corporation and Lehigh Valley Hospital Center, Inc. and Adella J. Dillman, Administratrix of the Estate of Scott Dillman, Deceased and Adella J. Dillman, in Her Own Right.

Appeal of KEYSTONE HELICOPTER CORPORATION and Lehigh Valley Hospital Center, Inc.

Frank J. RICCOBONO, Administrator of the Estate of Patricia A. Riccobono, Deceased

v.

KEYSTONE HELICOPTER CORPORATION.

Superior Court of Pennsylvania.

Argued Dec. 14, 1988.

Decided May 31, 1989.

---

Jonathan S. Ziss, Philadelphia, for appellants in Nos. 738 and 739.

Howard J. Levin, Philadelphia, for Edmonds, appellee in No. 738.

Jay Lambert, Philadelphia, for MBB, appellees in No. 738.

William A. Loftus, Philadelphia, for Riccobono, appellee in No. 739.

Before CAVANAUGH, McEWEN and POPOVICH, JJ.

CAVANAUGH, Judge:

These cases are consolidated appeals from Orders entered on February 8, 1988 in the Court of Common Pleas for the County of Philadelphia. Appellants, Keystone Helicopter Corporation (Keystone) and Lehigh Valley Hospital Center, Inc. (LVH) are contesting the denial of their motion for late joinder of, and cross claim against, Messerschmitt–Boel-kow–Blohm (Messerschmitt). Appellee Frank Riccobono is the administrator of the estate of Patricia Riccobono, deceased. Appellee Kirsten Kay Edmonds is the administratrix of the estate of Leonard Blaine Edmonds, deceased. Both Keystone and LVH are defendants in the *Edmonds* case. In the *Riccobono* case, Keystone is the sole defendant.

The cases are wrongful death actions arising from a helicopter accident. On April 27, 1982, Leonard Edmonds was one of four passengers in a motor vehicle operated by Scott Dillman. The vehicle struck a telephone pole and Dillman was killed; Edmonds sustained critical injuries. On-scene emergency medical personnel requested that Edmonds be med-evaced to Allentown Sacred Heart Hospital, (ASHH, subsequently LVH).

Pursuant to contract, Keystone provided the pilot who operated the ASHH helicopter. The hospital dispatched the helicopter to the accident scene, operated by a Keystone pilot, in order to transport Edmonds to the hospital for trauma care. Edmonds was removed from the Dillman

vehicle and placed in the helicopter. Tragically, the helicopter crashed shortly after take-off killing everyone on board. The passengers were: Edmonds; Patricia Riccobono, a paramedic; Jeanette Christ, a registered nurse; and the pilot, James Landis.

On May 20, 1983, the *Riccobono* suit was filed naming Keystone as the sole defendant.

The *Edmonds* action was instituted on September 13, 1983. Named as defendants, in addition to Keystone and LVH (formerly ASHH), were: Messerschmitt, the designer and manufacturer of the helicopter; M.B.B., Inc., Messerschmitt's United States sales distributor; and Adella Dillman, both as the administratrix of the estate of Scott Dillman and in her own right.

By order dated January 31, 1984, the *Edmonds* and *Riccobono* cases were consolidated for trial.

On May 15, 1984, Keystone was denied leave to join Adella Dillman as an additional defendant in the *Riccobono* case. Similarly, on January 18, 1985, Keystone was denied leave to join two bars as additional defendants in both *Edmonds* and *Riccobono*. These latter two orders were appealed to this court. On May 30, 1986, a panel of our court affirmed the decision of the trial court. *Riccobono v. Keystone Helicopter Corporation*, 352 Pa.Super. 186, 507 A.2d 834 (1986).

On September 22, 1987, Keystone and LVH filed a motion to amend their answers in order to assert a crossclaim against Messerschmitt for contribution and/or indemnity in the *Edmonds* action.

On the same date, Keystone filed a motion to join Messerschmitt as an additional defendant *nunc pro tunc* in *Riccobono*.

These motions were argued on November 10, 1987; they were denied on February 8, 1988. Notices of appeal were timely filed and, pursuant to a stipulation filed on August 2, 1988, the appeals were consolidated.

The appellants present two issues for our review:

1. Whether appellants should be granted leave to amend their answers in *Edmonds* to assert a crossclaim against Messerschmitt for contribution and/or indemnification *nunc pro tunc* where the appellants expeditiously sought leave upon obtaining information which reasonably supports the crossclaim.

2. Whether Keystone should be granted leave to join an additional defendant *nunc pro tunc* in *Riccobono* where Keystone expeditiously sought leave upon obtaining information which reasonably supports a claim for contribution and/or indemnification arising out of the plaintiff's cause of action.

Following careful consideration of these issues and the record, we affirm.

■ Initially, appellants argue that the lower court abused its discretion in failing to allow them to amend their answers in order to assert crossclaims against the helicopter manufacturer, Messerschmitt. Pursuant to Rules 2252(d)[1] and 1026[2] of the Pennsylvania Rules of Civil Procedure, answers which assert new matters in the nature of a crossclaim must be filed within twenty days after service of the complaint. After this time period expires, if a party wishes to amend its answers in order to assert a crossclaim it must either obtain the consent of the adverse party or obtain leave of court. Pa.R.Civ.P. 1033.[3] It is

1. Rule 2252(d) provides:
   If the person sought to be joined is a party, the joining party shall, without moving for severance or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint.

2. Rule 1026(a) provides:
   Except as provided by subdivision (b), every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

3. Rule 1033 provides:

committed to the sound discretion of the trial court to decide whether to permit such an amendment. *Schaffer v. Litton Systems, Inc.*, 372 Pa.Super. 123, 539 A.2d 360 (1988). However, leave to amend a pleading should be liberally granted absent prejudice to the adverse party. *Winterhalter v. West Penn Power Company*, 355 Pa.Super. 17, 512 A.2d 1187 (1986).

This court has defined prejudice as:

"something more than a detriment to the other party, 'since any amendment almost certainly will be designed to strengthen the legal position of the amending party and correspondingly to weaken the position of the adverse party.' " [citation omitted].

*Winterhalter v. West Penn Power Company, supra*, 355 Pa.Superior Ct. at 22, 512 A.2d 1187.

In the case *sub judice*, the motion to amend was filed on September 10, 1987, approximately four years after the filing of the answers. Appellants contend that this four year delay will not prejudice Messerschmitt since they will defend the *Edmonds* claim by inculpating Messerschmitt's design of the helicopter regardless of whether they are permitted to file the crossclaim. Appellants also argue that the plaintiff will not be prejudiced since the same evidence will be adduced at trial whether or not there is a crossclaim.

While both of these contentions may be true, it does not necessarily follow that they are tantamount to the absence of prejudice. As the lower court noted,

An amendment to now plead a cross-claim might well require additional time to interview both lay and expert witnesses and plan new defenses. This, in essence, is what the adversary system of law is all about.

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

To have permitted these defendants to amend to add a cross-claim as the case was about to begin would have been prejudicial to the other parties and would have given the movants an unfair advantage which could only have been neutralized by further discovery and delay.

In light of the fact that this case was four years old, that undue delay had occurred through no fault of the other parties or the court, the court considered that further delay was unwarranted. There comes a time when the parties must be ready to proceed with their lawsuit. The time in this instance had long since passed. The court, therefore, refused to permit amendment of the answer to add the cross-claim. (L.C.O. at pp. 4–5)

Appellants contend that this discussion of the prejudice issue was both conclusory and hollow. They assert that the trial judge improperly focused on appellants explanation for its delay in seeking the amendment. Appellants argue that the lower court simply should have used the four year period as a measure of resulting prejudice.

We find that the lower court's reasoning on the issue of prejudice was neither conclusory nor hollow. The trial judge did, in fact, use the four year period as a measure of resulting prejudice. He determined that it would be inequitable to permit this crossclaim since it would necessitate further discovery which, in turn, would delay the already four year old litigation. We perceive no abuse of discretion on the part of the trial court in making such a determination.

Next, Keystone contends that the lower court abused its discretion in *Riccobono* by failing to grant Keystone leave to join Messerschmitt as an additional defendant *nunc pro tunc*. Keystone's motion to join Messerschmitt was filed on September 22, 1987, approximately four years after the complaint was served.

The applicable statutory law governing late joinder, as well as our standard of review, was recently set forth by this court as follows:

Pennsylvania Rule of Civil Procedure 2253 prohibits the filing of a praecipe or complaint to join an additional defendant more than sixty days after the original defendant is served with plaintiff's initial pleading. Rule 2253 permits an untimely filing only upon cause shown.... Unless appellant demonstrated cause to justify the untimely filing, the trial court had no choice but to deny the motions to join *nunc pro tunc*.

Joinder after the sixty day period may provide a method of expeditiously litigating disputes involving many parties provided the plaintiff is not subjected to unreasonable delay. [citation omitted]. To justify late joinder, the petitioning defendant must show,

(1) some reasonable justification or excuse for the delay; (2) a statement of the facts alleged to render the proposed additional defendant alone liable, or liable with, or liable over to defendant, or liable to the defendant on a proper cross claim; *and* (3) allegations that the late joinder will not be prejudicial to the proposed additional defendant. It should ask for leave to file both the praecipe and the complaint called for by Rule 2252(b). [citations omitted].

Whether cause is shown to justify late joinder is a matter for the sound discretion of the trial court, and we shall not reverse absent an abuse of discretion. [citation omitted].

*Riccobono v. Keystone Helicopter Corporation, supra* 352 Pa.Super. at 189–190, 507 A.2d at 835–836.

Appellant argues that it had no sound reason to join Messerschmitt until the summer of 1987; at that time, Keystone's counsel learned of a similar crash involving the same model helicopter. Prior to the acquisition of this information, Keystone contends it did not suspect that a common defect was the cause of the crashes despite the fact that it was aware of similar crashes in both 1982 and 1985. Appellant asserts that this new information constitutes reasonable justification for the delay thus satisfying the first prong of the three part test. We disagree.

It is incumbent upon Keystone to justify its delay in joining the proposed additional defendant. *Kovalesky v. Esther Williams Swimming Pools*, 345 Pa.Super. 95, 497 A.2d 661 (1985). Similarly, appellant must act expeditiously itself before asking the court to help it secure a just, speedy and inexpensive determination of the suit by permitting late joinder. *Zakian v. Liljestrand*, 438 Pa. 249, 264 A.2d 638 (1970).

The lower court found that Keystone's explanation was an insufficient excuse stating:

> Defendant does not set forth when or how it learned of the other crashes, or, more importantly, why it did not seek to ascertain the cause of the instant crash sooner. Keystone was fully aware that Messerschmitt manufactured this helicopter. Prompt investigation by Keystone as to the cause of the accident and reasonably diligent discovery would have revealed any potential liability of Messerschmitt. (L.C.O. at pp. 3–4).

The record fully supports the trial court's decision. The *Edmonds'* complaint was served on Keystone on September 22, 1983. This complaint made allegations against Messerschmitt pertaining to defective design and/or manufacture of the helicopter. Therefore, Keystone was put on notice in 1983 that a possible defect existed. This information should have alerted appellant to investigate the possibility of a design or manufacturing defect shortly after the *Edmonds'* complaint was filed. Had it done so, Keystone could have discovered the existence of a defect and sought the joinder of Messerschmitt much earlier.

Consequently, we find no abuse of discretion on the part of the trial court in determining that Keystone failed to establish reasonable justification for the late joinder of Messerschmitt. As appellant must prove each part of the three prong test and it has failed to carry its burden on the first part, it is unnecessary to review Keystone's remaining contentions.

Orders affirmed.