## Fiegoli v. Millers Mutual Insurance Co.

*Arthur J. Rinaldi,* for plaintiffs.

*Gerard J. Geiger,* for defendant Millers Mutual Insurance Co.

*Thomas P. Cummings,* for GAB Business Services Inc. and Edward Garonalski.

MILLER, *J.,* August 21, 1992—This matter is before the court on a motion to amend answer filed by defendant Millers Mutual Insurance Co. and a motion for summary judgment filed by defendants GAB Business Services Inc. and Edward Garonalski.

The action in this case was commenced by summons filed November 20, 1989. Subsequently, on January 30,

1990, plaintiffs filed a complaint alleging damages as a result of the defendant Millers Mutual's breach of their obligations under an insurance policy with plaintiffs as well as those damages resulting from the negligent performance of their duties under said insurance policy by all defendants following a fire at property belonging to plaintiffs on or about May 4, 1988.

The facts are as follows. Plaintiffs are the owners of an apartment building, known as the American House, located at the corner of Eighth and Main Streets in the Borough of Stroudsburg, Monroe County, Pennsylvania. On or about May 4, 1988, a fire occurred at the American House causing damage to the premises. Plaintiffs submitted a claim for the loss, under an insurance policy, number 094055, to their insurer, defendant Millers Mutual, through defendant GAB. Defendant Garonalski handled the claim for defendant GAB. On July 19, 1988, defendant Millers Mutual paid plaintiffs $5,902.75 for damages for the fire loss. Thereafter, on December 14, 1988, plaintiffs advised Millers Mutual that there was further damage to the building, to the roof specifically, initially caused by the weight of the firemen and firefighting equipment used to douse the fire of May 4, 1988, and subsequently exacerbated when, as a result of the defendants' failure to settle plaintiffs' claim, the already weakened roof of the American House was left exposed to more damage during the winter months, which damage did occur, according to plaintiffs, when an ice storm hit the Stroudsburg area on November 10, 1988. This storm, according to plaintiffs, caused extensive leakage and in-

terior damage to plaintiffs' property and a resultant loss of rental income for which plaintiffs now demand to be compensated.

Defendants filed preliminary objections to plaintiffs' complaint which were dismissed by order of the Honorable James R. Marsh of this court on May 11, 1990. Pursuant to court order, defendants filed answers to the complaint which answers included new matter in which defendants asserted that plaintiffs' complaint failed to state a claim upon which relief could be granted, that plaintiffs' claim was barred by the applicable statute of limitations, that plaintiffs were barred from seeking relief under the policy by virtue of their failure to comply with its terms and that plaintiffs' claim resulted from a non-insured event under the terms of the policy.

Following the taking of discovery, the defendants filed their respective motions which are presently before us for disposition. Briefs were filed, and the court heard oral arguments on July 6, 1992. We are now ready to rule on the issues raised by the defendants' motions.

## MOTION FOR SUMMARY JUDGMENT

On March 10, 1992, defendants GAB and Garonalski filed a motion for summary judgment asserting that the record in the case at bar clearly establishes that there are no factual matters to be decided by a jury upon which the liability of the moving parties could be predicated. They request the entry of a judgment on their behalf.

In ruling upon a motion for summary judgment, we are guided by Pa.R.C.P. 1035 and interpretative case law.

Pennsylvania Rule of Civil Procedure 1035 provides as follows in pertinent part:

"(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

"(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages."

Summary judgment may be granted only in those cases in which the right to such a judgment is clear and free from doubt. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). The moving party has the burden of proving that there is no genuine issue of material fact in the case and that he is entitled to judgment as a matter of law. *Carns v. Yingling,* 406 Pa. Super. 279, 594 A.2d 337 (1991).

In its consideration of a motion for summary judgment, the trial court must view the record in the light most favorable to the non-moving party, accepting as true all well-pled facts in the non-moving party's pleadings. *Dibble v. Security of America Life Insurance Co.,* 404 Pa. Super. 205, 590 A.2d 352 (1991). Any doubt as to the

existence of a genuine issue of material fact must be resolved in favor of the non-moving party.

Under Pa.R.C.P. 1035(d), the party averse to the entry of judgment "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Thus, a party seeking to avoid the imposition of summary judgment must show by specific facts in depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for trial. *Marks v. Tasman, supra.*

In the instant matter, moving defendants have based their motion for summary judgment upon certain deposition testimony which, according to the defendants' argument, clearly establishes that there is no basis for the imposition of liability against them.

An examination of plaintiffs' complaint indicates that plaintiffs' claim for relief arises from the alleged failure by the defendants in this case to dutifully settle plaintiffs' insurance claim for damage which occurred to the American House as a result of a fire on May 4, 1988. According to plaintiffs' averments and the inferences reasonably drawn therefrom, the defendants' failure to settle plaintiffs' claim and enable the damaged roof to be repaired, resulted in more damage, this time to the building's interior, when, in November 1988, an ice storm further damaged the already weakened roof, resulting in leaks into the interior of the apartment building. In support of these allegations,

plaintiffs attached a letter as Exhibit A to their complaint, which letter allegedly verified that the initial problems with the roof had resulted from the fire of May 4, 1988, and the firefighters' presence on the roof during their attempts to extinguish the fire.

In support of their motion for summary judgment, the moving defendants rely upon the deposition testimony of Robert W. Philips, chief of the Stroudsburg Fire Department, who, on May 4, 1988, responded to the alarm and coordinated firefighting efforts at the scene.

According to the defendants, this testimony, taken on September 24, 1991, clearly establishes that there was no damage to the roof of the American House as a result of either the fire or the presence of firefighters on the roof on May 4, 1988. Hence, according to the moving defendants, they were under no duty to settle this claim for damage to the roof which plaintiffs alleged arose from the May 4, 1988, fire and, therefore, there is no basis for the imposition of liability against them grounded in the alleged negligent performance of their duty. The deposition testimony relied upon, according to defendants' argument, removes the basis for plaintiffs' claim against them and, hence, they are entitled to the entry of judgment as a matter of law. We agree.

The deposition of Chief Philips, filed of record with this court on July 6, 1992, clearly establishes that there were no firemen on the roof of the American House at any time on May 4, 1988. As chief of the responding fire department, Mr. Philips was responsible for the deployment of men to and at the scene and stated that he would have known if any of his personnel had been as-

signed to the roof of the building. According to the chief, the fire was contained to the basement area, and while firemen opened windows and placed fans from the first to the third floors to ventilate the smoke from the building, neither firefighters nor equipment were deployed to the roof. The chief's testimony was supported by the report filed immediately following this incident, which report was admitted into evidence at the deposition as Exhibit Philips-1.

In opposition to the moving defendants' arguments, plaintiffs fail to make a showing of specific facts sufficient to convince this court that genuine issues of material fact do exist in this case. Rather, plaintiffs attach to their brief in opposition to defendants' motion pages from a deposition taken of plaintiff Mr. Fiegoli, a deposition which does not form part of the official record in this case and, hence, cannot be considered by this court in ruling upon the defendants' motion. *Acker v. Palena,* 260 Pa. Super. 214, 393 A.2d 1230 (1978).

Viewing the record in a manner consistent with the principles outlined above, the court finds that defendants have clearly established that there exists no genuine issue as to their liability on the cause of action asserted against them by plaintiffs. We, therefore, hold that defendants are entitled to the entry of summary judgment.

## MOTION FOR LEAVE TO AMEND ANSWER

Defendant Millers Mutual has filed a motion seeking leave of court to amend its answer filed in this action to include a counterclaim against plaintiffs for fraud and punitive damages. Millers Mutual asserts that certain

information came to light during the discovery undertaken in this matter indicating that forged documents had been submitted to Millers Mutual by plaintiffs in pursuit of their claim for losses incurred as a result of the fire to the American House which occurred on May 4, 1988. Defendant claims, in its motion, that plaintiffs' actions constitute malicious abuse of process and insurance fraud.

Millers Mutual seeks leave of court to amend its answer pursuant to Pa.R.C.P. 1033 which provides in pertinent part as follows:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense."

Generally, the granting of leave to amend a pleading pursuant to Pa.R.C.P. 1033 is a matter within the sound discretion of the trial court. *Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267 (1963); *Roach v. Port Authority of Allegheny County,* 380 Pa. Super. 28, 550 A.2d 1346 (1988). Amendments will generally be liberally allowed at any stage of a case in order to promote a resolution of the case on the merits where possible. *Roberson v. Davis,* 397 Pa. Super. 292, 580 A.2d 39 (1990).

In the instant case, however, plaintiffs argue that defendant should not be permitted to amend its answer because of the defendants' delay in requesting such relief and also because to do so will cause prejudice to plaintiffs. We disagree.

Integral to plaintiffs' claim against Millers Mutual is a letter, dated November 21, 1988, attached to and incorporated into plaintiffs' complaint as Exhibit A, from Noel B. Burnley of NRB Roofing & Building Co. of East Stroudsburg, setting forth the estimated costs of the proposed repairs to the roof of the American House and his observations following an inspection of the premises.

That letter provided as follows:

"To Whom It May Concern:

"I have inspected the roof of 777 Main Street in Stroudsburg, Pa., known as The American House and have found that due to an inordinary amount of traffic by firemen and heavy hoses being dragged across the roof, damage to the complete roof resulted and was brought to light by the heavy storm and rain in our area over the last few days.

"Enclosed please find quote and terms."

Mr. Burnley was deposed about the contents of that letter on September 24, 1991, testimony from which deposition has been filed of record with this court as hereinabove set forth.

At the time of said deposition, Mr. Burnley stated that although the signature appeared to be his, he could not recall having written the November 21, 1988, letter. He did, however, clearly recall having repaired the roof on plaintiffs' property over the 1988 Thanksgiving holiday, and testified that this letter predated his knowledge of any fire having occurred on the premises. Mr. Burnley testified that he did not acquire knowledge of a fire until months after the completion of his repair work on the building. He stated that he only recalled having related

the condition of the roof at that time to "possible storm damage." Although he did not have his copy of the letter with him, he testified that his review of his notes and copies of correspondence prior to the deposition was consistent with his recollection. (Burnley deposition, September 24, 1991, at 29, 30-32, 34, 36, 41, 45-47).

Millers Mutual have based their motion for leave to amend upon these revelations made during Mr. Burnley's deposition testimony on September 24, 1991. The motion for leave to amend was filed on February 24, 1992. We do not find that the passage of time between the taking of Mr. Burnley's sworn testimony and the filing of the instant motion sufficient to deny Millers Mutual's request for relief on the grounds of undue delay.

Nor do we accept plaintiffs' argument that to permit Millers Mutual to amend by filing the proposed counterclaim would prejudice plaintiffs within the meaning ascribed to that term by Pennsylvania case law.

Of course, plaintiffs would be "prejudiced" by Millers Mutual's successful prosecution of the counterclaim if that term were only taken to mean having a potentially detrimental effect. However, for purposes of Pa.R.C.P. 1033, more than mere detriment to the party opposing the amendment must be shown for any amendment would certainly be intended to strengthen the moving party's position. Otherwise, there would be no purpose for it. *Winterhalter v. West Penn Power Co.,* 355 Pa. Super. 17, 512 A.2d 1187 (1986).

However, the test of prejudice sufficient to deny leave to amend is whether the proposed amendment would deprive the opposing party of any substantial or valuable

right beyond that which would normally result from the granting of leave to amend. The timeliness of the motion may be considered insofar as it raises a question of prejudice to the opposing party, for example, from the loss of witnesses or 11th-hour surprise. *Barta v. Central-Penn National Bank of Philadelphia,* 448 Pa. 355, 293 A.2d 343 (1972), *cert. denied,* 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973).

In the instant case, we find no prejudice to plaintiffs from the proposed amendment where the terms of the insurance policy upon which plaintiffs have based their cause of action specifically provide for the voiding of the policy in the event that fraudulent misrepresentations are made in support of a claim. (See Exhibit "B" to Millers Mutual's answer and new matter). Moreover, Millers Mutual's motion comes in the midst of discovery, affording plaintiffs ample time to respond and prepare a defense.

We therefore grant Millers Mutual leave to amend their answer in the manner set forth in their instant motion.

## ORDER

And now, August 21, 1992, it is ordered as follows:

(1) The motion for summary judgment filed by defendants GAB Business Services Inc. and Edward Garonalski is hereby granted.

(2) The motion for leave to amend answer filed by defendant Millers Mutual Insurance Co. is hereby granted and said defendant is given 20 days in which to file its amended pleading.