## Whitehill  v.  Anderson

C.P.  of  Delaware  County,  no.  93-6725.

*Gustine J. Pelagatti* and *Mark A. Sereni,* for plaintiff.
*Dean F. Murtagh,* for defendant Anderson.
*William F. Sutton,* for defendants, Riddle Memorial Hospital and Matthews.

BATTLE, *J.,* August 4, 1995—Susan Whitehill, as executrix of the estate of Joann G. Palumbo, brought two separate malpractice actions for the death of Joann G. Palumbo. One action is numbered 93-6725 and is against Ronald Anderson, M.D., and Riddle Memorial Hospital. The other action is numbered 94-13794 and is against Herbert Matthews, M.D. By an order dated February 17, 1995, these two cases were consolidated. Anderson originally filed a cross claim against only Riddle Memorial Hospital. Once the cases were consolidated, Anderson filed new matter in the form of a cross claim against Riddle and Matthews. Riddle and Herbert Matthews, movants, have filed preliminary objections to Dr. Anderson's most recent cross claim. There are two basic grounds for the preliminary objections: First, the movants claim that the cross claim is legally deficient pursuant to Rule 1033. Second, the movants argue that a joint tort-feasor release has released both Riddle and Matthews from any liability to Anderson. For the following reasons, the preliminary objections are hereby denied.

The movants argue that Anderson's cross claims were amendments to his previously filed pleadings, and, therefore, must conform to the requirements of Rule 1033 regarding amendments to pleadings. The movants claim that Anderson has failed to seek the consent of the adverse party and has failed to seek leave of the court. It is argued that the cross claim is, therefore, legally deficient. Rule 1033 states in relevant part:

"A party either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. . . ." Pa.R.C.P. 1033.

The movants claim that Anderson failed to acquire either consent by the adverse party or leave of the court.

It has been held that where a plaintiff sues two defendants jointly, one may join the other under the new matter procedure to protect his rights to contribution. *Noll v. Graft,* 2 D.&C.3d 196 (1977). Anderson properly filed a cross claim against Riddle. According to Pa.R.C.P. 1017(a):

"[T]he pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto."

Further, Pa.R.C.P. 2252(d), dealing with cross claims, states in pertinent part:

"(d) If the person sought to be joined is a party, the joining party shall, without moving for severance or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint."

In the case at bar, Anderson properly cross claimed in its answer to the plaintiff's complaint on January 19, 1994; Rule 1033 is not applicable, for no amendment to the pleading was needed. His most recent filing of a cross claim against Riddle is merely duplicative and

is unnecessary. Riddle was properly cross claimed by the plaintiff in the first filing of new matter.

Herbert Matthews was not cross claimed on January 19, 1994 because he was not a party to the action against Anderson and Riddle. Within four days of this court's consolidation of the cases of *Whitehill v. Ronald B. Anderson, M.D., and Riddle Memorial Hospital* and *Whitehill v. Herbert Matthews,* the petitioner timely filed his cross claim pursuant to Pa.R.C.P. 2252(d).

Rule 1033 is not applicable in this instance; there is, therefore, no need to seek leave of court or to seek consent by the adverse party. Matthews did not become a party to the action numbered 94-13794, until it was consolidated with the action against Anderson and Riddle. Within four days after the consolidation, Anderson filed a cross claim. The cross claim was the first contact that Anderson had with Matthews and it was filed as soon as Anderson was legally able to do so. No amendment was needed because this was the first pleading brought by Anderson against Matthews and was not considered a responsive pleading.

However, even if the cross claim were to be considered an amended pleading according to Pa.R.C.P. 1033, the cross claim should not be dismissed due to legal insufficiency. It is recognized that amendments to pleadings may be made at any time. *Winterhalter v. West Penn Power Co.,* 355 Pa. Super. 17, 512 A.2d 1187 (1986). It is also recognized that there is no formal or standardized procedure that needs to be followed in order for a party to seek leave of court. Goodrich-Amram 2d Procedural Rules of Service with Forms, Vol. 7, Rule 1033:14 (1991). In fact, Rule 1033 is void of any indications as to how leave of court should be sought. *Id.* It has also been held that amendment of pleadings should be allowed "with great liberality at any stage of the case in order to secure the just, speedy and inexpensive determination of . . ." the action;

technical difficulties in pleading may be amended at the discretion of the court. Goodrich-Amram at 1033:6. See also, *Robinson Protective Alarm Co. v. Bolger & Picker,* 512 Pa. 116, 516 A.2d 299 (1986); *Wm. Penn Parking Garage Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975); *Behrend v. Yellow Cab Company,* 441 Pa. 105, 271 A.2d 241 (1970). Dr. Anderson has stated that if the cross claim is stricken, he will simply seek leave of court and re-file the cross claim. For purposes of judicial economy and in the interest of preventing further time delay, this cross claim is hereby recognized as having been properly filed and no amendment is necessary.

The movant's second claim is that both defendants have been released from liability to any party in this action due to the plaintiff's execution of a joint tortfeasor release with Riddle. The movants argue that this release precludes Anderson from seeking contribution or indemnity from the movants.

Matthews filed preliminary objections regarding this matter in *Whitehill v. Matthews,* no. 94-13794. Matthews argued that he was released from liability to Whitehill as a result of the joint tort-feasor release signed by the plaintiff and Riddle. By order dated June 27, 1995, Matthews' preliminary objections were dismissed. Hence, it is only necessary to decide this issue regarding Riddle. The release agreement released Riddle from liability to the plaintiff. Throughout the release, the references concerning Riddle's liability only refer to claims which may be brought or could have been brought by plaintiff against Riddle.

The damages clause, found in the joint tort-feasor release that was executed between the plaintiff and Riddle states:

"[I]n the event any other party . . . is held responsible to the releasor for damages as a result of this course

of conduct, then said damages recoverable against any other such party . . . shall be . . . reduced by the percentage share of damages, if any, attributable to the parties released hereby, . . . and that such other party . . . will have no basis for claim over against the releasees for any damages, including, without limitation, claims for contribution or indemnity."

This clause involves the plaintiff's rights as to damages; it involves a possible reduction of the plaintiff's awarded damages by the percentage that has already been paid by Riddle in the settlement. This clause does not address the damages that a defendant may be entitled to receive against another defendant. The claim brought by Anderson involves liability for his potential damages, and not the liability for damages of the plaintiff against Riddle. In *National Liberty Life Insurance Co. v. Kling Partnership,* 350 Pa. Super. 524, 504 A.2d 1273 (1986), the court was presented with a similar issue. The plaintiff was suing numerous defendants. One defendant entered into a settlement agreement with the plaintiff. Another defendant filed a cross claim against the settling defendant. The settling defendant filed preliminary objections alleging it was released from all liability pursuant to the joint tort-feasor release. The *National Liberty* court held that:

"Pennsylvania cases hold that even though he [settling defendant] has settled with the plaintiff and obtained a pro rata release, a defendant may nevertheless participate in the trial so that the jury may determine the issues of joint or sole liability." *Id.* at 532, 504 A.2d at 1277. See also, *Rocco v. Johns-Manville Corp.,* 754 F.2d 110 (1985); *Charles v. Giant Eagle Markets,* 330 Pa. Super. 76, 478 A.2d 1359 (1984); *Smith v. Falcone,* 85 D.&C. 463 (1953).

In *Brown v. Hertzler,* 13 D.&C.2d 50 (1957), the court held that where the plaintiff allows a general

release to one defendant, the other defendant can still require the settling defendant to remain in the action, in order to protect his rights, and even if the defendant cannot recover contribution from the settling defendant, his presence is required in order to establish the amount of damages due to the plaintiff.

The court, in *Rocco v. Johns-Manville Corp., supra,* held that the release of one joint tort-feasor doesn't release the other joint tort-feasor unless explicitly stated in the release. "It does, however, reduce the amount the injured party may recover from the non-released joint tort-feasor to the extent of a pro rata share or the amount paid for the release, whichever is greater." See Pennsylvania's Uniform Contribution Among Tort-feasors Act, 42 Pa. C.S. §§8321-27 (Purdon 1982). Unlike the defendant in *Rocco,* however, Anderson, in his cross claim, is seeking that the movants be held liable to him in either indemnity or contribution. Under Pennsylvania law, the right to contribution will only be found where the parties are deemed joint tort-feasors. In such an instance, each defendant will either divide the losses equally or pay their pro rata share. *Lasprogata v. Qualls,* 263 Pa. Super. 174, 397 A.2d 803 (1979).

A right to indemnity will be found to exist when it is determined that one tort-feasor is responsible for the entire loss. *Id.* "The right to indemnity rests upon the difference between primary and secondary liability of two persons . . ." in such an instance, one individual is found less culpable than the other. *Rubin, Quinn, Moss Heaney and Patterson, P.C. v. Kennel,* 832 F. Supp. 922 (E.D. 1993). The less culpable party will be entitled to recover monies paid in satisfying a judgment against him, only after he has paid the damages to the injured party. *Id. at 931.*

Anderson is correctly pleading each remedy in the alternative. Whether or not he is released from liability, is found to be a joint tort-feasor, or a sole tort-feasor

will not be determined until a verdict is rendered at trial; it is at that time that the determination will be made as to whether Anderson is entitled to indemnification, contribution, or neither remedy. Anderson has properly cross claimed the movants and has hence preserved his right to seek damages from the movants, should it be found that he is secondarily liable, or not liable at all.

It is clear that under the present circumstances, the release of one defendant by the plaintiff does not terminate the other defendant's right to seek contribution or indemnity from the settling·defendant, nor does it terminate the need for the settling defendant to be present in the suit for purposes of determining the non-settling defendant's liability. Hence, the cross claim is appropriate and may be brought by Anderson.

For the foregoing reasons, the movant's preliminary objections should hereby be dismissed.

## ORDER

And now, to wit, August 4, 1995, upon consideration of the preliminary objections filed by the defendants, Riddle Memorial Hospital and Ronald Anderson, M.D., and the response thereto, it is hereby ordered and decreed that said preliminary objections are hereby denied.