## Prah v. Cincinnati Milacron Inc. (No. 1)

C.P. of Westmoreland County, no. 7726 of 1994.

*Peter T. Paladino Jr.,* for plaintiffs.
*Joseph J. Bosick,* for defendant Cincinnati Milacron
& Cincinnati Milacron Marketing Co.
*Leonard R. Reeves,* for defendant Classic Industries.
*Alan K. Berk,* for additional defendant MGR Mold.

LOUGHRAN, *J.,* June 6, 1996—

## HISTORY

The plaintiffs filed their complaint at the above number and term on September 9, 1994, and served the original defendant, Cincinnati Milacron Inc. on September 19, 1994, and served the defendant, Cincinnati Milacron Marketing Company, on September 19, 1994.

The original defendants thereafter, on October 26, 1995, obtained an order of court for leave to join as additional defendant, MGR Mold Inc. The original defendants' complaint against additional defendants was filed on November 19, 1995, and was served on November 30, 1995. The additional defendant, MGR Mold Inc., filed its preliminary objections on December 14, 1995, asserting, inter alia, that Pennsylvania Rule of Civil Procedure 2253 was violated in that the original defendants' complaint against the additional defendant was filed more than 60 days after service upon the original defendant of the initial pleading of the plaintiff *without cause shown.* (emphasis added)

At the designated time for oral argument scheduled by the court administrator upon the preliminary objections filed, the court entered an order scheduling an evidentiary hearing on the matter for May 28, 1996, at 9 a.m. At that time, date and place, the court took testimony from Joseph J. Bosick and Kenneth T. Newman, attorneys for the defendants, Cincinnati Milacron Inc. and Cincinnati Milacron Marketing Company, and admitted into evidence their affidavits.

## OPINION

Pennsylvania Rule of Civil Procedure 2253 captioned *"Time for Filing Praecipe or Complaint,"* states in its entirety:

"Except as provided by Rule 1041.1(e), neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than 60 days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

The period for joining an additional defendant may only be extended by the court upon cause shown. As stated in Goodrich-Amram 2d, §2253.5 under the commentary:

"The enforcement of the 60-day limitation will not ordinarily work any hardship on the moving party who is barred from joining an additional defendant. If the moving party has a claim against the proposed additional defendant, he may bring a subsequent separate action against him, and thus, while subjected to delay, his substantive rights are not impaired. If the contention of the moving party is that the proposed additional defendant is solely liable to the plaintiff, the defendant may assert that defense in the plaintiff's action even though the proposed additional defendant is not joined as a party to the action." Pa.R.C.P. 2252(a):2.

In this particular case, the attempted joinder is after the statute of limitation on the underlying cause of action of the plaintiff, and therefore the original defendants' complaint against additional defendant, MGR Mold Inc., can be for contribution and/or indemnity only.

The rule does not give any indication of what is sufficient cause. Ordinarily, the bar of the passage of the 60-day period will not be waived by the court. *Patrick v. South Pittsburgh Water Company,* 80 D.&C. 253 (1952). In exercising its discretion, it is suggested that the court must consider the length of the delay in seeking joinder in the entire context of the case. In refusing joinder 15 months late, the court noted that because the claim was only for indemnity (as in this case), the defendant would suffer no prejudice in being required to bring a second action. *Regan v. Rajan & Temple University Hospital,* 32 D.&C.3d 515 (1984).

The Pennsylvania cases have consistently held that late joinder has been properly refused when the record is clear that the moving party seeking an extension of time bears the burden of pleading and demonstrating sufficient cause to *justify* the delay, when the original defendants neither pled nor even attempted to argue any justification whatsoever for their failure to comply with Pa.R.C.P. 2253. *Coopers & Lybrand v. Penn State Mutual Insurance Company et al.,* 32 Pa. Commw. 435, 379 A.2d 901 (1977). The court, speaking through President Judge Bowman, in *Coopers & Lybrand, supra,* wrote:

"Whether or not to grant appellant's petition was a matter of discretion for the court below, (citations omitted) and such a discretionary determination will not be reversed unless an abusive discretion is shown. . . .

"We do not believe, however, that in these proceedings a balance is appropriate. Appellants bore a burden of pleading and demonstrating sufficient cause to justify their delay. (citations omitted) Having neither pleaded nor even attempted to argue any justification whatsoever for their failure to comply with Pa.R.C.P. 2253, we

cannot, within the permissible scope of review, hold that the court below abused its discretion. (citations omitted)

"What the Supreme Court said in *Zakian, supra,* is apropos: Before the defendant can ask the court to help *him* secure a just, speedy and inexpensive determination of the suit by permitting late joinder, he must have acted expeditiously himself . . . ." *Id.* at 438-39, 379 A.2d at 903. (emphasis in original)

In the instant case, Mr. Bosick, attorney for the original defendant, testified that it was known by his office on December 7, 1994, some four months after the original complaint was filed and served, and after numerous telephone conversations with attorneys for Classic Industries, that Gellman Science was the entity that owned the mold which is allegedly involved in this incident. Counsel for the original defendant seeking the extension of time testified at the evidentiary hearing of May 28, 1996, that from December 7, 1994 until September 21, 1995, no investigation, no phone calls, and no letters were made or sent to Gellman Science to determine whether they, or any other third party was the original manufacturer of the mold! In addition, no explanation was given why no such effort was made. In the affidavit submitted to the court of Joseph J. Bosick, Esquire, paragraph 10 indicated that an attempt was made to join Gellman Science as an additional defendant, but was then advised that the mold was probably not designed or manufactured by Gellman Science. Notwithstanding that information, no effort of investigation, no letters, no phone calls were ever made, sent or activated until September 21, 1995, when an associate in the office began calling Gellman Science and finally discovered on October 26, 1995, the identity of the manufacturer of the mold!

In the recent case of *Mutual Industries Inc. v. Weinberg,* 423 Pa. Super. 328, 621 A.2d 140 (1993), an extension of time to join additional defendant pursuant to Pa.R.C.P. 2253 was denied. In that case, it appeared that in April of 1991 the plaintiff filed its original complaint and had it served. The (appellant) original defendant attempted to join an additional defendant on December 16, 1991, some six months later. Preliminary objections to the appellant's complaint were filed alleging, inter alia, that no good cause was shown by the appellant for the late joinder (in excess of six months) in contravention of Rule 2253. In the memorandum of law of the appellee, reference was made to the appellant's failure to demonstrate good cause for the delay in joining the additional defendant. On the other hand, the appellant argued, inter alia, that there was no harm done since there was no prejudice to the proposed additional defendant; that the documentary evidence which exists could readily be available for review by the additional defendant, and other reasons. The court, in speaking through Judge Popovich, stated on page 143:

"However, no justification is given as to why a 'fuller development' of the facts, through 'interviews' (of whom we do not know) and examination of the appellant's *own* files, could not have been undertaken sooner or why it took approximately six months after the expiration of the 60 days following the filing of the original complaint to seek joinder. *This is fatal.* (emphasis added) (citations omitted) (One of the criterion that needs to be satisfied to allow later joinder is the petitioner's responsibility to present 'some reasonable justification or excuse for the delay.')

"The appellant's general allegations of 'good cause,' without any substantiation thereof, undermines his request for the relief requested. Contrast

*Riccobono v. Keystone Helicopter,* 352 Pa. Super. 186, 507 A.2d 834 (1986). Therefore, we affirm the court's order for the appellant's failure to present 'good cause' to justify the six-month delay in seeking to join the appellee." *Id.* at 333-34, 621 A.2d at 143. (footnotes omitted)

The dicta in all of the cases cited and all the other cases referred to in the cases cited disregard any requirement that the proposed additional defendant show prejudice as a result of the joinder. The rule requires that the original defendant show cause, not show that the additional defendant has not been prejudiced. The primary standard required of the moving party must be that good cause must be shown *justifying the delay* in the attempted joinder. Only after "good cause" is shown by the original defendant will the court look to whether prejudice, or lack of prejudice, exists as far as the additional defendant is concerned. It appears clear in all of the cases that the court disregards the issue of prejudice to the additional defendant. When the original defendant has not shown good cause for the delay, the issue of prejudice to the additional defendant is irrelevant. In the instant case, the original defendants have delayed for a period of 15 months after service upon them of the initial pleadings, and have delayed without explanation or justification for the delay period from December 7, 1994 to September 21, 1995.

Finally, it should be noted that the enforcement of Pa.R.C.P. 2253 has as one of its purposes to protect the plaintiff against unreasonable delay in the trial of the case. *Zakian v. Liljestrand,* 438 Pa. 249, 264 A.2d 638 (1970). The plaintiffs' action was delayed 15 months by this inexcusable delay and is simply another reason for enforcing the rule.

## ORDER

And now, to wit, June 6, 1996, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the preliminary objections of the additional defendant, MGR Mold Inc., are hereby sustained.